WILLIAM H. YEANDLE *et al.*, Appellants, *v.* CELESTIA YEANDLE, Respondent.

*Supreme Court, First Department, General Term, May* 24, 1889.

1. *Evidence.*—In an action brought by the heirs at law to set aside a conveyance of property made by the deceased grantor, on the ground of fraud and undue influence exercised by the grantee, it is competent for a witness, who had known the deceased grantor and had business dealings with him for six years, and up to two years of the time of the execution of the deed, to state whether the decedent took part in certain conversations to which his testimony had been directed. This was strictly and exclusively a matter of fact.

2. *Same. Matter of fact.*—So, whether the witness had observed any difference in the grantor's manner, or his disposition to talk about business, is a fact, and its exclusion was error.

3. *Same.*—A witness may, after giving the details, characterize the act or conversation of a testator or grantor as rational or irrational.

Appeal from a judgment entered upon the decision of the court.

*Marshall P. Stafford*, for appellants.

*Edward S. Corlier*, for respondent.

DANIELS, J.—The action was brought by the plaintiffs, as the heirs-at-law of William Yeandle, who died on the 9th of July, 1885, to set aside a conveyance of property made by him to Eliza H. Hobart, and by her conveyed to the defendant, who was, at that time, the wife of William Yeandle. The deeds were executed and delivered on the 16th of April, 1880, when the defendant's husband was of the age of about seventy-five years. Both his mind and health were at that time impaired, and the plaintiffs, to maintain their action, alleged that he was induced to exe-

cute the deed, by the fraud and undue influence of the defendant. And evidence was given upon the trial tending to establish the fact that the defendant had induced him to convey the property, by operating upon his fears concerning his liability to a suit to recover an amount owing for the board of his daughters by a preceding marriage. This theory was resisted in behalf of the defendant, who claimed that the deed was executed by him in satisfaction of money which she had paid out and used for his benefit. Upon neither side, however, was the evidence decisive as to the right of the parties, but the case presented was one of fact, upon conflicting proof, to be determined by the court.

In the early progress of the trial, Joseph J. Yates was examined as a witness on behalf of the plaintiffs. He had been employed in his business by the deceased grantor in the deed, and had known him from 1872 until 1878. He had conversations and business dealings with him and had observed his condition, and states that he was informed by the defendant that her husband was physically and mentally disqualified from doing business. That, however, she denied in the testimony given by herself upon the trial. But the facts still remained, without contradiction, that this witness had known and observed, and had dealings with, the deceased grantor, extending through a period of at least six years, and to within no more than two years of the time when the deed was executed. This witness was asked a series of questions, which were objected to on the part of the defendant, and the answers were excluded. These questions were put to him in the following language:

Q. Did he take part in the conversation that occurred on the occasion when he and she came out there together? Objected to; objection sustained; exception.

Q. Did you notice any difference in Mr. Yeandle's manner or his disposition to talk about the business, between the time he first came to you and the occasion on which you

last saw him? Objected to as calling for the opinion of witness; objection sustained; exception.

Q. State any difference you noticed, if you noticed any, in the manner of Mr. Yeandle, or in the manner of his conversation, between the time you first saw him and the time you last saw him? Objected to; objection sustained; exception.

Q. What change, if any, did you notice in the manner of Mr. Yeandle between the times when you first and last saw him? Objected to; objection sustained; exception.

Q. Describe the manner of Mr. Yeandle, in talking with him about business matters, when you first saw him, as compared with his manner in talking about business the last time you saw him?

Objected to; objection sustained on the ground that it was not competent for the witness to testify to a conclusion of that kind; he must state the facts; exception.

The questions, it will be observed, did not ask the witness to express any opinion concerning the condition of the grantor in the deed, but the inquiries were as to facts:

*First*, whether he took part in the conversation that occurred on the occasions to which his testimony had been directed. That was strictly and exclusively a matter of fact. And by the other questions, he was asked whether he had observed any difference in the grantor's manner, or his disposition to talk about business. These were all inquiries concerning facts to which the attention of the witness was expressly directed. And it was entirely competent for him to give the evidence expected in this manner to be obtained. And excluding the answers to these questions was error on the part of the court. The witness was further asked whether what Mr. Yeandle' said, or did, on the occasion of the last few visits to him at Elizabeth left any impression on his mind as to his being rational, or irrational. This was objected to generally, without any intimation that the question was, in any respect, wrong in

form, and the answer of the witness was excluded. He was then asked to state anything he saw Mr. Yeandle do, or heard Mr. Yeandle say, that made any impression on his mind as to his being rational or irrational. This was in like manner objected to, and the answer of the witness excluded. And exceptions were taken to the exclusion of these answers. Why the plaintiff should have been prevented from obtaining answers to · these two questions does not otherwise appear in the case. And the ruling excluding the answers is at variance with those made for the conduct of the examination of other witnesses, both on the part of the plaintiff and on the part of the defendant.

The questions called for no general expression of opinion on the part of the witness, but they directed his attention particularly to specified occurrences mentioned by him in the course of his preceding evidence. And as to those occurrences, it was intended to do no more than to take his answer as to the indications left by them upon his mind, concerning his conclusion, whether they were or were not rational in and of themselves. And that was strictly within the rule which has been repeatedly settled by the courts upon this subject. Howell *v.* Taylor, 11 Hun, 214 ; Hewlett *v.* Wood, 55 N. Y. 634; Yeandle *v.* Yeandle, 13 N. Y. State Rep. 586.

The error brought into the case by the exclusion of these answers cannot be disregarded. Neither can it be corrected in any other mode than by a further trial of the action. The judgment should, therefore, be reversed, and a new trial directed, with costs to the appellant to abide the event.

VAN BRUNT, Ch. J., and BRADY, J., concur.