### YEANDLE *et al. v.* YEANDLE.

*(Supreme Court, General Term, First Department.* October 16, 1891.)

APPEAL—WEIGHT AND SUFFICIENCY OF EVIDENCE.
Where a suit to set aside a deed as procured by fraud and undue influence, which involves only issues of fact, has been thrice tried, and two of the three judges have found in favor of defendant, the last judgment for him will not be set aside where no substantial error appears.

Appeal from special term, New York county.

Action by William H. Yeandle and others against Celeste Yeandle. There was judgment for defendant, and plaintiffs appeal.

Argued before VAN BRUNT, P. J., and BARRETT and BARTLETT, JJ.

*George S. Daniels,* (*Marshall P. Stafford,* of counsel,) for appellants. *Jas. K. Hill* and *Wing & Shoudy,* (*Joseph A. Shoudy,* of counsel,) for respondent.

BARTLETT, J. This case now comes before the general term for the third time. The action is brought by the heirs at law of William Yeandle, deceased, against his widow, to set aside a conveyance of certain lands at Elizabeth, N. J., made by Mr. Yeandle to his wife in 1880, when he was 76 years old and she was 50. This conveyance was attacked on the ground that the grantor was of unsound mind at the time of the execution and delivery of the deed, and that it was obtained from him by the fraudulent exercise of undue influence on the part of his wife. On the first trial the plaintiffs prevailed, but the judgment was reversed by the general term on account of errors by the trial court in receiving evidence which had a direct and material bearing upon the issues. *Yeandle* v. *Yeandle*, 13 N. Y. St. Rep. 586. On the second trial the defendant succeeded, but the judgment was again reversed; this time by reason of the erroneous exclusion of testimony. *Yeandle* v. *Yeandle*, (Sup.) 5 N. Y. Supp. 535. On the third trial, the record of which is brought up for review by the present appeal, the defendant has succeeded for the second time, and the plaintiffs for the second time ask us to reverse the judgment. The substance of the argument submitted in their behalf is that upon the undisputed evidence the burden of proof was cast upon the defendant of showing that the transaction between her and her husband was free from fraud and undue influence; that she failed to discharge the burden thus cast upon her; and that the evidence as a whole affirmatively established both the incompetency of the grantor and the exercise of undue influence on the part of the grantee at the time the conveyance was made. We find nothing to indicate, however, that the court below misapprehended or misapplied the rules of evidence applicable to the case; and, on the contrary, a very careful consideration of all the proof satisfies us that it is amply sufficient to sustain and justify the conclusion which was reached. We do not deem it necessary to discuss the facts in detail. It is enough to say that we agree substantially with the views expressed by Mr. Justice INGRAHAM on the second trial, and by Mr. Justice LAWRENCE on the trial which resulted in the present judgment. Only one error in the admission or exclusion of evidence is pointed out upon the brief of the appellants, and, although the ruling to which our attention is thus called, is undoubtedly subject to criticism, its effect can hardly have been seriously injurious to the case for the plaintiff; certainly not harmful enough to warrant a reversal. We do not think there ought to be any more trials of this action. It involves simple issues of fact, which two out of the three judges before whom the case has been tried have decided in favor of the defendant. No substantial error is shown to have occurred upon the last trial, and the judgment then rendered should be affirmed, with costs. All concur.