JAMES SWEENEY, AN INFANT, BY JAMES SWEENEY, HIS
GUARDIAN AD LITEM, APPELLANT, *v.* DAVID R. PAGE AND
ANOTHER, RESPONDENTS.

*Negligence — contractor and servant — a visible defect — risks of the employment.*

One Sweeney was an employee of contractors who were building a dam, the stone
used in the construction of which was carried to the point of deposit by a tram-
way, which descended at an angle of about one foot in four. On this car
Sweeney acted as brakeman, it being his duty to check the descent of the car.
The car, its appliances and the track, were suitable for the purpose and in good
order.

A large stone, loaded upon the car by fellow-workmen, being jolted during the
passage, moved forward, struck Sweeney, who was in front of it, threw him off
the car and he was injured.

In an action brought by Sweeney to recover the damages resulting from the alleged
negligence, in the premises, of the contractors:

*Held,* that he could not recover.

That the accident resulted from the manner in which the stone was put upon the
car by his fellow-servants, and that if, as alleged, there was any spreading of
the rails this was a risk of the employment, and, further, that any defect in the
rails was visible and should have been observed by Sweeney.

APPEAL by the plaintiff James Sweeney, an infant, by James
Sweeney, his guardian *ad litem*, from a judgment of the Supreme
Court, entered in the office of the clerk of the county of Putnam
on the 5th day of November, 1891, the complaint having been
dismissed after a trial at the Putnam Circuit before the court and
a jury.

*W. Farrington*, for the appellant.

*Abram J. Rose*, for the respondents.

DYKMAN, J.:

The defendants in this action were building a large dam for the
city of New York, in the town of Southeast, in Putnam county,
and obtained the stone from a quarry about three-quarters of a mile
from the work.

There was a railroad from the quarry to the foot of an incline,
and the stone were transported upon cars to that point and then
the cars, as they were loaded at the quarry, were raised or drawn
up the incline to the top by a stationary steam engine. At the

summit there was a turn-table upon which the cars were placed and turned so as to run upon another track and be drawn by a mule for a short distance upon the level until they reached the top of another incline, down which they ran by force of gravitation to the place where they were to be used.

There was a brake on each car, with a loop in the top of the staff, through which a stick was run for a handle to be used in applying the brake. There was no fastener for the brake, and it was held tight or loose by the operator as he desired to regulate its movement. This last descent was about twelve rods in length, and about four or five feet to the rod.

It was the duty of the plaintiff to mount the car when it left the turn-table, tighten the brake and be ready to regulate the speed when it commenced the descent.

The car upon which the plaintiff was injured came to the turn-table, in the usual course of business, loaded with three stones weighing about one ton each. The stone near the brake was about four or five feet long and four feet high; as the car started down the descent the plaintiff was standing upon the car in front of the stone holding the brake, when the car gave a jolt and the stone moved forward and struck the plaintiff and threw him off, and he fell under the wheel and was dragged or pushed along to the bottom of the hill and received the injuries of which he complains in this action.

There was no defect in the track or the car, and the movement of the stone upon the car was the cause of the injury. It is true the plaintiff said the rails had spread, and the expansion jarred the car.

The cause was tried at the circuit, and at the close of the testimony on the part of the plaintiff the defendant moved for a nonsuit, which was granted, and the plaintiff excepted, and has now appealed from the judgment entered against him.

Before the defendants can be rendered liable for the injuries sustained by the plaintiff they must be convicted of personal negligence which contributed to the accident; and in the examination of the question they are entitled to the presumption in which the law indulges that they have performed their duty towards the plaintiff as their employee until the contrary is made to appear.

It is well settled law in this State, applicable to cases of this character, that a master is bound to exercise all reasonable care to

provide a secure place and safe machinery and implements for the use of his servants, but experience has shown that when that duty has been performed with scrupulous care there often remain dangers, incident to the nature of the employment, which are beyond the reach of anticipation.

In this case the cause of the injury is not obscure. It resulted from the insecure loading of the stone upon the car at the quarry, and that work was done by persons employed by the defendants who were co-servants with the plaintiff, and against whose negligence the defendants are not insurers.

Besides this, if there was danger in the situation incident to the mode of carrying forward the work in which the defendants were engaged, they were all apparent, and as easily observed by the plaintiff as by the defendants; and he is equally with them chargeable with knowledge of such imperfections.

A careful examination of the testimony fails to disclose any negligence on the part of the defendants. They were engaged in the erection of a large structure requiring many appliances for the facilitation of the progress of the work, and among these were the railroad and cars and the stationary engine, all of which answered the purposes for which they were designed.

The defendants were not required to furnish the best appliances for their workmen. They were contractors for the construction of a large dam, and their success depended upon economical devices for the advantageous prosecution of their work. They had the right to consult their own interest, and their duty to their workmen was discharged when they used reasonable diligence and care for their safety. The railroad was an easy means for the speedy transportation of stone from the quarry to the place where they were to be used, and it was a temporary track easily shifted at the end to facilitate the deposit of stone and other material at the proper point. Neither the track nor the cars ever failed to endure the weight and strain to which they were subjected. They always answered their purposes, and even at the time of the accident nothing gave way, and the car was not derailed.

Moreover, as we have already said, substantially, the plaintiff and others saw the track and could plainly discover any danger to which he was exposed from its insecurity, but there never was any com-

plaint of its inadequacy or of its dangerous condition, and that is a plain indication that no one supposed there was any danger in operating the car as the plaintiff used it.

The following cases are deemed adequate authority for what we have said: *Marsh* v. *Chickering* (101 N. Y., 396); *Cahill* v. *Hilton* (106 id., 518); *Byrnes* v. *New York, Lake Erie and Western Railroad Company* (113 id., 254); *Burke* v. *Witherbee* (98 id., 564).

Thus, there are two reasons why the plaintiff cannot recover in this action: First, because his injury resulted from the carlessness of his fellow-workmen in loading the stone upon the car; and, second, because the defendants have not been guilty of negligence.

The judgment should be affirmed, with costs.

Pratt, J., concurred; Barnard, P. J., not sitting.

Judgment affirmed, with costs.