(9 Misc. Rep. 399.)

### CORDELIA v. DWYER et al.

(Superior Court of Buffalo, General Term. July 5, 1894.)

NEGLIGENCE—EVIDENCE—CAUSE OF INJURY.

> Where it appears that damages sued for resulted from one of several causes, and that defendant was not responsible for all of them, plaintiff cannot recover without showing that the damages resulted from a cause for which defendant was responsible.

Appeal from trial term.

Action by Michael Cordelia against James W. Dwyer and another. From a judgment entered on a verdict in favor of plaintiff, and from

an order denying a motion for a new trial made on the minutes of the court, defendants appeal. Reversed.

Argued before HATCH and WHITE, JJ.

Spencer Clinton, for appellants.
John Laughlin, for respondent.

HATCH, J. Defendants were contractors, engaged in the work of excavating for a reservoir. The dirt was removed by means of dump cars run upon a railroad. The road was movable, the rails being spiked to ties laid upon the surface of the ground, and, as the process of excavation required, it was moved from place to place by the workmen engaged in and about loading the cars, who worked under the direction of a foreman. The ties of the road were not of a uniform size, and from this fact, and the uneven surface of the ground upon which the road lay, they did not in all places rest upon the ground. To secure a practical bearing for the road under such places, the workmen shoveled in dirt under them. All of the workmen engaged in moving the structure, in leveling off the uneven surface, and in shoveling the dirt under the ties. When the road was last moved, plaintiff had assisted. The whole structure was open and visible to ordinary observation. There were two classes of cars used, both of which had been some time in use at this place and elsewhere in like service, and were such as were in ordinary use for this kind of work. The car which is involved in this controversy dumped its load from a particular side, which projected about two feet further beyond the wheels than the other side; the object being to prevent the dirt from falling on the track when unloading. On the occasion in question, this car was detached from the others, standing upon the same track, and plaintiff was engaged in shoveling dirt into it from a trench about 3 feet below the road, and about 8½ feet below the top of the box of the car. The material was wet sand and clay. As plaintiff was bent over, the car suddenly tipped and fell upon him, inflicting the injuries complained of. The excavation was of great magnitude. Innumerable loads of earth had been taken out with these cars, and, while they sometimes ran off the track or tipped off, it does not appear that such an accident had ever happened before, or that a car had ever tipped while being loaded. We have examined with much care the evidence given upon the trial, and are unable to find that degree of certainty in it which authorized the court to submit, and the jury to find, negligence on the part of the defendant which caused the injury. It is quite evident that the road was a rude, uneven structure, made to be frequently and quickly moved, in order to facilitate the work, and designed for no other purpose than a tramway for the dumps. As it lay upon the ground, the uneven surface, the failure of support for the ties, and its proximity to the excavation, where the men were at work, were all open and visible at a glance. When the men moved it, they supported it as they deemed sufficient for its practical use. There was no latent defect about it which, in any view of the evidence, contributed

to the accident. If the car tipped over by reason of a failure to support the ties with dirt, or by allowing the track itself to remain lower on that side, it was the fault of plaintiff, or the other workmen, who were chargeable with furnishing the support for it. If there existed either of these conditions, they were such as were known to exist frequently in the structure, and of which, if plaintiff had looked, he would be immediately apprised, as he worked by the immediate side of the track where the car stood. So, it must be said that, as to whatever danger there was in the structure itself, plaintiff took the risk, and if improperly laid, or insufficiently supported, it was the result either of his own negligence or that of a fellow servant, as both had placed it there. Williams v. Railroad Co., 116 N. Y. 628, 22 N. E. 1117; Sweeny v. Page, 64 Hun, 172, 18 N. Y. Supp. 890. The car itself, and the methods by which it was operated, were such as were ordinarily used, and no negligence can be predicated upon the use of either; so that, in this regard, defendant discharged his obligation to furnish reasonably safe implements and places for their use. What occasioned this accident is uncertain. One theory is that, by reason of the construction of the car, it was thrown out of balance in loading. The basis for this claim is that the operator was obliged to lift the wet sand and clay a distance of $8\frac{1}{2}$ feet in reaching the top of the box, from which an inference arises that he was unable to throw the material to the center of the car, that it accumulated upon the projecting side, and, by reason of its great weight, toppled it over. There is no proof that the dirt accumulated upon the side of the car. No one saw it, after it was thrown in, until the car fell over, and the effect of the car's falling would be to throw it to that side. Whether this inference be true or false is matter of speculation, far removed from certainty, and, in view of other facts, is merely conjecture. Counsel for plaintiff assigns another cause for the accident, equally weighty:

"It is reasonable to suppose,—indeed, the conclusion is irresistible,—that this heavy car, containing some two thousand pounds or more of dirt on that side, which was standing on this track, caused it to settle much lower than they found it after the car had fallen off, or was removed from it. One witness testifies that he thinks the heavy load put on that side of the car caused the track to sink, thus permitting the car to tip. Another says the track would sink or spring up and down on the side as the cars were moved over it. If this track sagged or settled down as the car was being loaded, it shows that it was improperly constructed."

There is still another theory, and some evidence to sustain it, which the court submitted to the jury,—that the tipping over was caused by plaintiff and other workmen excavating too close to the ties, thus undermining the foundation. If there was evidence authorizing the jury to find that either one of the other theories caused the accident, the latter would be held negatived by the finding of the jury. But, as we have seen, the evidence leaves the cause of the accident problematical, the subject of speculation and conjecture. Neither one of the causes, nor all combined, are sufficient to charge the defendant with negligence, unless we couple, with the method of loading, an obligation, resting upon defendant, to promulgate a

rule, or instruct plaintiff of the dangers to be apprehended. Assuming that it was dangerous, if the load were not equally distributed over the car, and the one-sided loading was the proximate cause, an analysis of the testimony shows at least two conjectural, —even probable,—proximate causes of the accident, for neither of which is defendant responsible. If it be due to the construction of the track or car, it was a risk assumed by plaintiff. If on account of fault in not placing the track upon a sufficient foundation, or if, after being placed, the foundation was dug away, to the negligence of plaintiff or a co-employé. It is said:

"When the fact is that the damages claimed in an action were occasioned by one of two causes, for one of which the defendant is responsible, and for the other of which it is not responsible, the plaintiff must fail if his evidence does not show that the damage was produced by the former cause. And he must fail also if it is just as probable that they were caused by the one as the other, as the plaintiff is bound to make out his case by the preponderance of evidence." Searles v. Railway Co., 101 N. Y. 662, 5 N. E. 66; Grant v. Railroad Co., 133 N. Y. 657, 31 N. E. 220; Taylor v. City of Yonkers, 105 N. Y. 209, 11 N. E. 642.

This rule is fatal to plaintiff's recovery, in any view we can take of the testimony, and renders unnecessary a consideration of the question whether defendant owed a duty to instruct plaintiff, or promulgate a rule regulating the loading of the cars or the operation of the road. The judgment and order should be reversed, and a new trial ordered, costs to abide the event.