ELLIS R. WILLIAMS, Respondent, *v.* THE DELAWARE, LACKA-WANNA AND WESTERN RAILROAD COMPANY, Appellant.

In an action to recover damages for injuries alleged to have been caused by defendant's negligence, it appeared that plaintiff was in defendant's employ as a brakeman upon a freight train. While standing on top of a car he was struck by a bridge over the track and was injured. He had run upon this train for over three weeks and, during this time, had passed daily under this bridge, and frequently on top of a car where he was required to be in the performance of his duty. The accident occurred in the daytime; the bridge was in plain sight, and, knowing the train was about to pass under it, he turned his back to it, and was going toward the rear of the car when he was struck. *Held*, that a refusal to nonsuit was error; that plaintiff, had he exercised ordinary care and observation, must have known that the bridge was not of sufficient height to permit a person to pass under it, standing on the top of a car.

A servant who enters upon an employment, from its nature hazardous, assumes the usual risks and perils of the service, and of the open, visible structures known to him, or which he must have known, had he exercised ordinary care and observation.

*Williams* v. *D., L. & W. R. R. Co.* (39 Hun, 430) reversed.

(Argued November 23, 1889; decided December 10, 1889.)

APPEAL from a judgment of the General Term of the Supreme Court in the fourth judicial department, rendered at the January Term, 1886, which affirmed judgment in favor of plaintiff, entered upon a verdict, and affirmed an order denying a motion for a new trial.

The nature of the action and the material facts are stated in the opinion.

*Francis Kernan* for appellant. As with ordinary care and observation plaintiff could have observed the danger and avoided it, he assumed this risk and cannot recover for the injury sustained. (*Gibson* v. *E. R. Co.*, 63 N. Y. 449, 452, 453; *Evans* v. *L. S., etc., R. R. Co.*, 12 Hun, 289, 291; *Owens* v. *N. Y. C. R. R. Co.*, 1 Lans. 108; *De Forest* v. *Jewett*, 88 N. Y. 264, 268; *Clark* v. *St. P., etc., R. R. Co.*, 2 Am. and Eng. R. R. Cas. 240, 242; *Wells* v. *B., etc., R. R. Co.*, Id. 243, 246; *Appel* v. *B. etc., R. R. Co.*, 111 N. Y. 550, 553, 554.) To entitle the plaintiff to recover he was bound to establish that he was free from any negligence which contributed to his being struck by this bridge. (*Reynolds* v. *N. Y. C. R. R. Co.*, 58 N. Y. 248, 250; *Owens* v. *N. Y. C. R. R. Co.*, 1 Lans. 108, 111; *Wilds* v. *H. R. R. R. Co.*, 24 N. Y. 430; *Salter* v. *U. & B. R. R. R. Co.*, 75 id. 273.) The defendant was not bound to raise the bridge higher, and its omission to do so was not negligence which renders the defendant liable to the plaintiff. (*Gibson* v. *E. R. Co.*, 63 N. Y. 449, 452, 453; *De Forest* v. *Jewett*, 88 id. 264; *Sweeney* v. *Berlin*, 101 id. 520; *Hickey* v. *Taaffe*, 105 id. 26, 35, 36; *Anthony* v. *Teeret*, Id. 591, 600.)

*W. T. Dunmore* for respondent. It was the duty of defendant to furnish to its employes safe materials and structures, and its failure in that regard was negligence, for which it became liable

to plaintiff. The plaintiff's duty required him to move back and forth upon the top of the cars; and the defendant had no more right to permit danger overhead than it had to permit danger underneath its road. ( *Williams* v. *D., L. & W. R. R. Co.*, 39 Hun, 430 ; *Allen* v. *B. C. R. & N. R. Co.*, 57 Iowa, 623 ; 5 Am. and Eng. R. R. Cas. 620 ; 4 id. 651 ; 23 id. 930 ; *B., etc., R. R. Co.* v. *Rowan*, 33 A. L. J. 42 ; 104 Ind. 88 ; 2 Rorer on Railroads, 355, 1211, 1216 ; *I. C. R. R. Co.* v. *Welch*, 52 Ill. 183 ; 4 Am. Rep. 593 ; Wood's Master and Servant, 690, 707, 738 ; *Ryan* v. *Fowler*, 24 N. Y. 410, 415 ; *Noyes* v. *Smith*, 28 Vt. 63 ; *Laning* v. *N. Y. C. R. R. Co.*, 49 N. Y. 532 ; *Brickner* v. *R. R. Co.*, 49 id. 672 ; *Dorsey* v. *P. & C. C. Co.*, 42 Wis. 583 ; *Graham* v. *N. E. R. R. Co.*, 18 C. B. 229 ; *W. R. Co.* v. *Elliott*, 98 Ill. 481 ; *Hall* v. *U.P. R. Co.*, 16 Fed. Rep. 744 ; *Wells* v. *B., C. R. & N. R. R. Co.*, 2 Am. and Eng. R. R. Cas. 243 ; *Plank* v. *N. Y. C. & H. R. R. R. Co.*, 49 N. Y. 607 ; *C., etc., R. R. Co.* v. *Sweet*, 45 Ill. 197, 201 ; *C., etc., R. R. Co.* v. *Russel*, 91 id. 298, 300 ; *Warden* v. *O. C. R. R. Co.*, 137 Mass. 204 ; Beach on Con. Neg. 364 ; *T., etc., R. R. Co.* v. *Conroy*, 68 Ill. 560 ; *Ellis* v. *N. Y., L. E. & W. R. R. Co.*, 95 N. Y. 546 ; *Kearns* v. *C., etc., R. R. Co.*, 32 A. L. J. 239 ; 66 Iowa, 599 ; 22 Am. and Eng. R. R. Cas. 289 ; *Appel* v. *R. R. Co.*, 24 Week. Dig. 145 ; *Leary* v. *B. & A. R. R. Co.*, 3 A. L. J. 297 ; *Seybolt* v. *B. & A. R. R. Co.*, 95 N. Y. 562 ; *Vosburgh* v. *L. S. & M. S. R. R. Co.*, 94 id. 374 ; *Disher* v. *N. Y. C. & H. R. R. R. Co.*, Id. 622 ; *Dana* v. *N. Y. C. & H. R. R. R. Co.*, 92 id. 639 ; *Sheehan* v. *N. Y. C. & H. R. R. R. Co.*, 91 id. 332 ; *Mann* v. *D. & H. C. Co.*, Id. 495 ; *H. & T. R. R. Co.* v. *Oran*, 49 Tex. 341 ; *Walsh* v. *O. R. & N. Co.*, 10 Ore. 250 ; *Perry* v. *Marsh*, 25 Ala. 659, 667.) Knowledge on the part of the company may be presumed from lapse of time. (2 Rorer on Railroads, 1214, note ; *Holden* v. *R. R. Co.*, 129 Mass. 268 ; *C. & I. R. R. Co.* v. *Russell*, 91 Ill. 298.) It was the duty of defendant to notify plaintiff of the danger. (*Perry* v. *Marsh*, 25 Ala. 659 ; 2 Hilliard on Torts, 563 ; *Patterson* v. *Wallace*, 28 Eng. L. and Eq. 51 ; 24 N. Y. 414 ; 2 Rorer on Railroads, 12, 14 ; Wood on Master and Servant,

1714; Whart. on Neg. § 210; *Baxter* v. *Roberts,* 44 Cal. 187.) The fact that defendant is lessee and not the owner of the road where the bridge in question stands, does not exonerate it from liability. (*St. L., etc., R. R. Co.* v. *Valirious,* 56 Ind. 511; *De Kay* v. *R. R. Co.,* 19 Week. Dig. 479; *P. & P. U. R. R. Co.,* v. *Chicago,* 30 A. L. J. 414; 2 Rorer on Railroads, 1217.) It was no part of plaintiff's duty to inspect the track or the bridges. (*C. & N. W. R. R. Co.* v. *Sweet,* 45 Ill. 197; *Mehan* v. *S., etc., R. R. Co.,* 73 N. Y. 585; *Hawley* v. *N. C. R. R. Co.,* 82 id. 370; *Plank* v. *N. Y. C. R. R. Co.,* 60 id. 607; *Gage* v. *D., L. & W. R. R. Co.,* 14 Hun, 446; *Way* v. *Ill. C., etc., R. R. Co.,* 40 Iowa, 346; *Dale* v. *St. L., R. C. & N. R. Co.* 63 Mo. 455.) To be chargeable with notice of the character of this bridge so as to have assumed the danger, the plaintiff must have had positive knowledge, or reasonable means of attaining it, of the precise danger assumed, not vague surmises of the possibility of danger. (2 Rorer on Railroads, 1213, note; *Dorsey* v. *Phillips,* 42 Wis. 583; 15 Am. R. Rep. 217; 21 id. 217; *Dale* v. *S. L. R. R. Co.,* 63 Mo. 455; *Hawley* v. *N. C. R. R. Co.,* 17 Hun, 115; 82 N. Y. 370; *Powers* v. *N. Y., L. E. & W. R. R. Co.,* 19 Week. Dig. 408; Wood on Master and Servant, 760; *Kain* v. *Smith,* 89 N. Y. 385.) Defendant's motion for a nonsuit was properly denied. A nonsuit should not be granted except where a verdict rendered for plaintiff would be set aside as against evidence. (*Stackus* v. *N. Y. C. & H. R. R. R. Co.,* 79 N. Y. 464; *Beisiegel* v. *N. Y. C. & H. R. R. R. Co.,* 34 id. 624; *Salter* v. *U. & B. R. R. R. Co.,* 88 id. 42; *Smedis* v. *B. & R. B. R. R. Co.,* 14 Week. Dig. 185; 88 id. 13; *Hutchinson* v. *S. P., etc., R. R. Co.,* 31 A. L. J. 319; *Richardson* v. *N. Y. C. R. R. Co.,* 45 N. Y. 846; *Plummer* v. *E. R. R. Co.,* 26 A. L. J. 131; *Retzki* v. *N. Y. C. & H. R. R. R. Co.,* 16 Week. Dig. 527; *Greany* v *L. I. R. R. Co.,* 18 id. 464; *Hart* v. *H. R. R. R. Co.,* 80 N. Y. 622; *Payne* v. *T. & B. R. R. Co.,* 83 id. 572, 574; *Webber* v. *N. Y. C. & H. R. R. R. Co.,* 58 id. 451; *Wolfkiel* v. *S. A. R. R. Co.,* 38 id. 49; *Bernhard* v. *R., etc., R. R. Co.,* 1 Abb. Ct. App. Dec. 131.)

HAIGHT, J. This action was brought to recover damages for a personal injury.

On the 8th of July, 1882, the plaintiff was engaged as a brakeman upon one of the defendant's trains, composed of freight cars and one passenger coach, which was at the rear end of the train. At the time of the injury he was standing on top of one of the box-cars composing the train, and as the train passed under the Mitchell street bridge, in the village of Norwich, the back of his head struck against the bridge inflicting the injury complained of. There was a side or branch track, parallel with the main track, passing through under the bridge where the accident occurred, which was entered from the main track at either end by means of switches. It was the custom of this train to run upon the side track and stop so as to allow the passenger train to pass. The plaintiff had gone upon the top of the train so as to operate the brakes and hold the train in position after it had entered upon the branch track. He supposed that the engineer would enter the branch track at the first switch and draw the train up upon it, but instead of doing so, as he neared the switch, he re-opened the throttle of the engine, putting on more steam, so as to run through upon the main track to the other end of the branch and then back in upon it. The plaintiff seeing the engineer do this, and divining his purpose, turned to go back towards the coach, and was thus proceeding with his back to the bridge when he was struck by the bridge and injured. The height of the bridge, from the top of the rail, was sixteen feet one and one-half inches. The height of the defendant's box-cars were from eleven feet two inches to eleven feet six inches. The height of the plaintiff was five feet seven inches. Some of the cars used upon the defendant's road were lower and some higher than those of the defendant.

The only question which we shall consider in this case is as to whether or not the plaintiff was guilty of contributory negligence, and this depends upon the question as to whether he knew or ought to have known that this bridge was low, and that he could not pass under it whilst standing upon the

top of the box-car. Upon this point it appears, from his own testimony, that he first began work upon the defendant's road in 1880, as a fireman on one of the engines, and for six or seven months had run over this road, passing under the bridge daily. He had laid off for a time, and had again entered the employ of the defendant as brakeman, and as such had run upon this train for upwards of three weeks when the accident occurred. His duty was that of middle brakeman, and he was required to be generally on top of the train so as to hold the train if it was going on a down grade or approaching a station, and to answer signals which should be received from the engineer. Upon his direct-examination he testified that he did not know that the bridge was not of sufficient height to enable him to stand upon the top of a box-car and pass under it in safety; that he did not think he had ever stood on top of box-cars and passed under the bridge; that he could not have done it. Upon his cross-examination he conceded that he knew of the bridge and its location; that, as fireman, he passed under it daily and could see it, and after he became a brakeman he passed under it daily; that he understood his place as a brakeman; that when they were approaching a village it was his duty to be on top of the train so as to apply the brakes if required; that this was one of the written rules of the company; that as they were running south, through the village of Norwich, they were in sight of the bridge; that it was in the daytime, and the bridge was in plain sight when he turned his back to it to go to the rear of the train; that he was usually on top of the box-cars when they passed under the bridge; that it was his place to be there. Upon the redirect-examination he further testified that " I never knew of passing under the bridge on top of a box-car, that is, to name the car or remember it. All I can say is that I have been on the train when it passed under it going back and forth." It is quite evident from this testimony that he had on numerous occasions passed under this bridge whilst on top of the train, and if so, he must have known, had he

exercised ordinary care and observation, that it was not of sufficient height to permit a person to pass under it whilst standing upon the top of a box-car of the company. In this regard we are unable to distinguish the case from that of *Gibson* v. *Erie Railway Company* (63 N. Y. 449). In that case the plaintiff was struck by the projecting roof of the depot building. He was familiar with the locality and knew of the roof. He had, however, never measured its exact height from the platform or its distance from the top of the cars. His information upon the subject was derived from general observation. In this case the bridge crossing over the railroad was an open, visible, permanent structure, which the plaintiff daily observed whilst passing under it in the employ of the defendant. True, he had never measured its height from the rails, but having passed through under the bridge whilst on top of the cars he must have known that it was not of sufficient height to permit him to stand while so passing. The rule is, that a servant who enters upon employment from its nature hazardous, assumes the usual risks and perils of the service, and of the open, visible structures known to him, or of which he must have known had he exercised ordinary care and observation. (*De Forest* v. *Jewett*, 88 N. Y. 264; *Appel* v. *B., N. Y. & P. R. R. Co.*, 111 id. 550; *Hass* v. *B. N. Y. & P. R. R. Co.*, 40 Hun, 145.)

It does not appear that the plaintiff's attention was diverted by anything that would tend to relieve him from the imputation of contributory negligence on the occasion in question; and inasmuch as such negligence appears from his own testimony, the exception to the refusal of the defendant's motion for a nonsuit was well taken.

The judgment should be reversed and a new trial granted, costs to abide the event.

BRADLEY, PARKER and BROWN, JJ., concur; POTTER and VANN, JJ., dissent. FOLLETT, Ch. J., not sitting.

Judgment reversed.