(14 Misc. Rep. 507.)

### KUMMER v. CHRISTOPHER & T. ST. R. CO.

(Common Pleas of New York City and County, General Term. December 2, 1895.)

NEW TRIAL—INCREDIBLE TESTIMONY—SUCCESSIVE VERDICTS.
> After three successive verdicts for the plaintiff, in a case turning only on issues of fact, the court will not set aside the last verdict, because, in its opinion, supported by incredible testimony.

(Syllabus by the Court.)

Appeal from trial term.

Action by Charles Kummer against the Christopher & Tenth Street Railroad Company for personal injuries. From a judgment entered on the verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued before BOOKSTAVER, BISCHOFF, and PRYOR, JJ.

Merrill & Rogers, for appellant.
Herbert T. Ketcham, for respondent.

PRYOR, J.  It is settled by countless adjudications, in England and in this country, that, if a verdict be contrary to law or to the manifest justice of the case, the court will set it aside as often as the jury may return it.  Here, whether the verdict be against law or justice depends upon the facts found by the jury; and if the testimony for the plaintiff be true, their verdict can be contrary neither to the law nor to the justice of the case, for the proof establishes the right of the plaintiff to a recovery beyond the possibility of doubt. Our conclusion as to the injustice of the former verdict was founded expressly upon our persuasion that the case was a fabrication.  The question, then, is exclusively as to the credibility of the witnesses for the plaintiff; and we are to decide whether, after three concurring verdicts in his favor, we shall set aside the last, because, in our opinion, supported by evidence unworthy of belief.  Upon a review of the evidence on which the second verdict proceeded, we concluded that it was discredited by inherent improbabilities and contradictions, and for that reason we directed its submission to another jury. In so submitting it on the trial under review, the learned presiding judge pointedly and emphatically admonished the jury of its infirmities; and yet they have again rendered a verdict for the plaintiff. Thus, three successive juries have avowed their conviction of the veracity of the witnesses for the plaintiff, however repugnant to probability their story may appear to us.  Obviously, unless we are to usurp the prerogative of the jury, in their peculiar function, to determine the credibility of witnesses, we must give effect to the present verdict.  Nelson v. Railroad Co., 7 Misc. Rep. 656, 28 N. Y. Supp. 50.  Such is the immemorial practice in case of repeated verdicts for the same party upon the same proofs, even where the court still considers the verdict as contrary to the weight of evidence,— namely, to yield its opinion to the reiterated conviction of the jury. Clerk v. Udall, 2 Salk. 649; Chambers v. Robinson, 1 Strange, 692; Swinnerton v. Marquis of Stafford, 3 Taunt. 232; Fowler v. Insurance Co., 7 Wend. 270, 275; Nichols v. Tuttle (Sup.) 12 N. Y. Supp. 394; Yeandle v. Yeandle (Sup.) 16 N. Y. Supp. 49.  The point that the court erred in the submission of the case to the jury is manifestly untenable.  Bagley v. Bowe, 105 N. Y. 171, 179, 11 N. E. 386; Colt v. Railroad Co., 49 N. Y. 671; Ambler v. Whipple (Ill. Sup.) 28 N. E. 841.

Judgment and order affirmed, with costs.  All concur.