ELLIS R. WILLIAMS, Appellant, *v.* THE DELAWARE, LACKAWANNA AND WESTERN RAILROAD COMPANY, Respondent.

*New trial — decision of Court of Appeals on a former trial followed, notwithstanding some changes in plaintiff's testimony.*

Where a case has been twice before the General Term and has also been heard in the Court of Appeals, and the testimony given upon the last trial at the Circuit is not materially different from that given upon a former trial, the decision of the Court of Appeals upon which has been followed in the last trial, the General Term will not interfere with the last judgment rendered at the Circuit, especially in a case where it is apparent that the plaintiff has attempted on the last trial to change his testimony so as to avoid the effect of the rules of law laid down in the case by the Court of Appeals.

APPEAL by the plaintiff, Ellis R. Williams, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Oneida on the 28th day of July, 1890, upon an nonsuit granted by the court after a trial at the Oneida Circuit on the 13th day of May, 1890, and also from an order entered in said clerk's office on the 28th day of July, 1890, granting a nonsuit.

*W. T. Dunmore,* for the appellant.

*W. & N. E. Kernan* and *William Kernan,* for the respondent.

PER CURIAM :

This action was to recover for personal injuries sustained by the plaintiff. It was based upon the alleged negligence of the defendant in maintaining a low bridge over its track at Norwich, N. Y., without notice to the plaintiff of its condition or other protection against injury therefrom.

The plaintiff, at the time of his injury, was a brakeman in the employ of the defendant. The accident occurred July 8, 1882. This action was commenced December 30, 1882. It was first tried in February, 1884, when a verdict was rendered for the plaintiff. The defendant thereupon moved for a new trial, which was denied. It then appealed from the judgment and order to the General Term. The appeal was twice argued, and in January, 1886, a decision was handed down reversing the judgment and granting a new trial. The case was again tried at the Oneida Circuit in May, 1886, and the plaintiff again recovered a judgment. From that judgment and from an order denying the defendant's motion for a new trial, the defendant appealed to this General Term, and in January, 1887, a decision was handed down affirming the judgment and order, with costs. From the judgment and order of affirmance, the defendant appealed to the Court of Appeals, where the case was argued before the Second Division of that court. In December, 1889, a decision was rendered reversing the judgment and granting a new trial, with costs to abide the event. The case was again tried at the Oneida Circuit in May, 1890, and at the close of the evidence the plaintiff was nonsuited.

From this history of the case, it will be seen that it has become somewhat familiar to this court. This is the third time it has been before us. On the first appeal, this court held that the question whether the defendant was negligent in maintaining a bridge at the height of that in question, without notice to its employees or otherwise protecting them against injury from it, and whether the plaintiff was guilty of contributory negligence, were questions of fact and properly submitted to the jury. The judgment was, however, reversed upon the ground that the trial court erred in submitting

the case to the jury on the theory that the defendant was negligent in not furnishing four brakemen instead of three, as there was no evidence that the plaintiff's injury was the natural or probable result of that omission, or that the accident would not have occurred without them; or, in other words, because the evidence failed to show that such omission was the proximate cause of the plaintiff's injury.

After a retrial of the case and upon the second appeal, the court followed its decision upon the former appeal and affirmed the judgment and order denying a motion for a new trial.   On the appeal to the Court of Appeals, the judgment was reversed, that court holding that as the accident occurred in the daytime, as the bridge was in plain sight, and as the plaintiff knew the train was about to pass under it and turned his back to it and passed towards the rear of the train when he was struck, a refusal to nonsuit was error, and that if the plaintiff had exercised ordinary care and observation he must have known that the bridge was not of sufficient height to permit a person to pass under it standing on the top of the car.   It was, in effect, further held that the rule that the plaintiff assumed the usual risks and perils of the service and of the open, visible structures known to him or which he must have known had he exercised ordinary care and observation was applicable, and he was guilty of such contributory negligence as to bar a recovery in the action.

It is contended by the respondent that this decision is controlling and that the action of the trial court in nonsuiting the plaintiff should be sustained.   This contention must be upheld unless the evidence upon the last trial is essentially different from that given upon the former one.   We have examined the evidence contained in the record before us, and also that contained in the appeal book upon which the former appeal was decided.   While it must be admitted that the evidence of the plaintiff is somewhat different from that given by him upon the former trial, yet most of the material facts relied upon by the court on the former appeal as a basis for reversing the judgment were established upon the last trial, and most of them were undisputed.   Under these circumstances we are reluctant to disturb the decision of the trial court, as it is manifest that it sought to follow the rule established by the Court of Appeals in this case, and especially in view of the appar-

ent disingenuousness of the plaintiff in giving his testimony upon the last trial, and his obvious effort to so change his evidence as to avoid the former decision in this case. In the case of *Hunter* v. *C. & S. V. R. R. Co.* (126 N. Y. 18), where upon a retrial the evidence of the plaintiff's witnesses was essentially changed for the apparent purpose of avoiding a former decision, the court intimated that in view of the doubt resting upon the character and correctness of the evidence as thus changed, it might take as the fact the evidence given by the witnesses on the former trial. In that case the judgment was again reversed, although the General Term was of the opinion that under the evidence as changed it was not within the former decision, and was sufficient to present a question of fact for the jury. While the question of the credibility of the plaintiff's evidence was doubtless a question for the jury, still, under the circumstances and in view of the former decision of the Court of Appeals in this case, we are not disposed to interfere with the judgment appealed from, or to follow or distinguish the other decisions of that court which the appellant contends are not in harmony with its decision in this case. We are of the opinion that that decision was broad enough to cover the decision of the trial court, and that if it is to be modified or overruled it should be by that court, and not by this.

Nor do we think that we should disturb the judgment upon the ground that the court erred in not permitting the plaintiff to read in evidence the testimony of witnesses sworn upon a former trial to the effect that three brakemen were not a sufficient number to properly manage the train. Upon a former appeal, where all this evidence was before us, this court held that it was insufficient to justify the trial court in submitting to the jury the question of the defendant's negligence based upon an omission to furnish four brakemen instead of three, as such omission was not the proximate cause of the plaintiff's injury and did not contribute to produce it. (39 Hun, 430.)

The judgment must be affirmed, with costs.

Present — HARDIN, P. J., MARTIN and MERWIN, JJ.

Judgment and order affirmed, with costs.