WILLIAM E. DORWIN and CHARLES A. BURR, Respondents, *v.* JOHN B. WESTBROOK, Appellant.

*The third verdict in a case, three times tried with the same result, will be allowed to stand.*

Where a case has been tried three times, and upon each occasion with the same result, the appellate court, having twice been of opinion that the verdict was contrary to the weight of evidence, although it may consider the last verdict to be also contrary to the weight of evidence, will allow it to stand.

APPEAL by the defendant, John B. Westbrook, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Tioga on the 23d day of January, 1896, upon the verdict of a jury directed by the court after a trial before the court and a jury at a Trial Term of the Supreme Court held in and for the county of Tioga, and also from an order entered in said clerk's office on the 20th day of January, 1896, denying the defendant's motion for a new trial made upon the minutes.

The court directed the verdict after the rendering of a special verdict by the jury as to certain questions of fact, which by con-

sent of counsel were submitted to it, which being answered by the jury, the court thereupon, and upon another fact found by the court by consent of counsel, denied a motion for a nonsuit.

*S. D. Halliday* and *Thomas D. Husted*, for the appellant.

*Martin S. Lynch*, for the respondents.

LANDON, J.:

This case has been tried three times and each time the jury has found for the plaintiff, and thus has three times found in effect that the plaintiff Dorwin, by the fraudulent procurement of the defendant, signed releases in full satisfaction of the cause of action set forth in the complaint. The judgment upon the first trial was reversed upon other grounds than that the verdict of the jury was against the weight of evidence, HARDIN, P. J., however, expressing his opinion that it was. (71 Hun, 405.) The judgment upon the second trial was reversed upon the ground, among others, that the verdict of the jury was against the weight of the evidence. (86 Hun, 363.) The facts in the record before us, bearing upon the execution of the releases, seem to be substantially the same as set forth in the opinion of the court in 86 Hun and need not be repeated here. I think that the verdict is against the weight of the evidence. The question is, shall we again set aside the verdict? There are circumstances of hardship for the plaintiffs in holding them to these releases, which will almost inevitably result if the question should be submitted to the jury, and I think it must be, in their again finding the same verdict. As the jury are the final arbiters of the facts, the court must, after affording them reasonable opportunities to compare their own opinions of the facts with those held by the appellate court, finally accept the judgment of the jury.

It may be, as was once remarked by a learned judge, that "The correctness of judicial opinions on mere questions of fact may well be distrusted, when we find them confessedly opposed to the common sense of mankind." (*Ernst* v. *Hudson R. R. Co.*, 35 N. Y. 9, 41. See *Kummer* v. *Christopher St. R. R. Co.*, 14 Misc. Rep. 507; *Nichols* v. *Tuttle*, 35 N. Y. St. Repr. 851; *Fowler* v. *Ætna Fire Ins. Co.*, 7 Wend. 270; *Betsinger* v. *Chapman*, 24 Hun, 16;

*Talcot* v. *Commercial Ins. Co.*, 2 Johns. 467; *Hamilton* v. *Third Ave. R. R. Co.*, 40 N. Y. Super. Ct. [8 J. & S.] 376.)

I advise an affirmance.

All concurred, except MERWIN, J., dissenting.

Judgment and order affirmed, with costs.