In the Matter of the Application of HARRY B. CHAPMAN, Respondent, for the Removal of JEFFREY P. THOMAS, Appellant, as Committee of NANCY C. WARNER, an Incompetent Person, and for an Accounting.

1. APPEAL — MODIFICATION BY APPELLATE DIVISION OF ORDER STATING ACCOUNT OF COMMITTEE OF INCOMPETENT. The Appellate Division has no power, upon reversing in part an order of Special Term charging the committee of an incompetent person with a certain sum upon the report of a referee appointed to take and state the account, to determine the facts anew and direct a judgment or order based upon the facts thus determined; it should remit the case to the court below for readjustment of the account.

2. FINAL ORDER — CODE OF CIV. PRO. § 1361. Such an order is a final order in a special proceeding, and upon an appeal therefrom the procedure, the rights of the parties and the rules of law are in all respects the same as in an action where the same issues are involved.

*Matter of Chapman,* 43 App. Div. 231, reversed.

(Argued February 28, 1900; decided April 17, 1900.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered September 18, 1899, modifying and affirming, as modified, an order judicially settling the accounts of the committee and removing him from his trust, entered upon the report of a referee. The appellant also sought to bring up for review the report of the referee ; the appellant's removal as committee ; the appointment of a new one, and the order appointing a special guardian for such incompetent.

The facts, so far as material, are stated in the opinion.

*Charles Irving Oliver* for appellant. The Appellate Division erred in assuming to modify the order as was done on the appeal, and for this error the order should be reversed. (3 Graham & Waterman on New Trials, 1129 ; 4 Wait's Pr. 234 ; *Moffett* v. *Sacket,* 18 N. Y. 522 ; *Cuff* v. *Dorland,* 57 N. Y. 560 ; *Whitehead* v. *Kennedy,* 69 N. Y. 462 ; *Andrews*

v. *Tyng*, 94 N. Y. 20; *Lawrence* v. *Church*, 128 N. Y. 324; *Porter* v. *Dunn*, 131 N. Y. 319; *Canavan* v. *Stuyvesant*, 15, 4 N. Y. 89.)

*Arthur L. Andrews* for respondent. The order removing the committee is not reviewable here, being discretionary with the Supreme Court. (Code Civ. Pro. § 2339; *De Camp* v. *Thomson*, 159 N. Y. 444.)

MARTIN, J.: Upon the report of a referee appointed to take, and state the account of the appellant as committee of the person and property of Nancy C. Warner, an incompetent. person, the Special Term made an order by which the committee was charged with the sum of $7,266.87 as being in his hands belonging to the incompetent's estate, and for which he was held liable. It is obvious from the record that in stating this account it was surcharged with the sum of twenty-nine hundred dollars which had already been charged, and thus in effect the committee was charged twice with that sum.

Upon appeal to the Appellate Division the court assumed to correct that error, but, unwilling to modify the order by deducting the amount thus charged twice and affirming it as modified, it proceeded to restate the account upon a new and different basis. It held that the principle adopted by the referee was improper, or at least was not the best that could be adopted; that the amount of the fund that came into the hands of the committee should be treated as principal; that it should be regarded as bearing interest, or at least so much of it as ought to have been kept invested, and that the referee should have ascertained and charged to the appellant's account the income it ought to have produced. It then determined that the principal was $7,200.30; that $5,100 of this fund was, for the period of twenty-one years, invested in United States bonds bearing five per cent interest, although the proof was directly to the contrary; that one thousand dollars was, secured by a note of the committee, payable to the incompetent, with interest, and that there was eleven hundred dollars.

58

of cash in his hands. It, thereupon, found that the part of the fund invested produced an annual income of $315, and that if four hundred dollars was left in the hands of the committee for expenses, the remaining seven hundred dollars should have produced thirty-five dollars, making a total of three hundred and fifty dollars a year. This was followed by a calculation that three hundred and fifty dollars a year for twenty-one years would produce $7,350, and that as the committee reported only $3,517.03 of income, it was $3,832.97 less than the court assumed it ought to have been. It also decided that the account of the committee should be surcharged with $1,966.48, one-half of that difference, thus making the income charged to him $5,483.51, which added to the principal, amounted to $12,683.51. This amount it concluded to charge the committee. The court then stated that the committee claimed credit for disbursements amounting to $8,580.98, which was allowed by the referee after deducting $1,177.90 for credits in excess of five hundred dollars for which there were no vouchers, and held him entitled to credit for only $6,903.08. Manifestly there was an error of five hundred dollars in this calculation, because $1,177.90 deducted from $8,580.98 leaves $7,403.08 instead of the amount thus credited.

The appellant, however, contends that the Appellate Division had no authority to make the order granted. The effect of its decision was to reverse the order of the Special Term, and to hold that the principle adopted by the referee in stating the account was erroneous. It then declared the manner in which the amount to be charged to the committee should be ascertained. This was by determining the amount of the principal, by assuming without and contrary to the proof how much of it was or should have been kept at interest, by calculating the interest based upon such assumption, by deducting from the amount thus obtained the income admitted by the committee, by dividing the difference by two, and by adding the amount thus obtained to the amount so admitted. It then modified the order appealed from by sub-

stituting that amount for the amount found by the Special Term and referee.

While it may have been competent for the Appellate Division to allow or reject a claim of either party where its amount had been definitely fixed or clearly determined, still it had no authority to determine the facts anew and direct a judgment or order based upon the facts thus determined. That is precisely what the court did, as it reversed the order as to a part of the account, declared the principle upon which it was adjusted erroneous, and proceeded to adopt a new and different one, and with no sufficient evidence to establish them, assumed certain facts and upon such assumption proceeded arbitrarily to fix an amount with which the committee should be charged. In doing this it committed an error amounting to $500, so that even if it had the power assumed it was erroneously exercised. But we are of the opinion that the Appellate Division had no authority, after practically reversing the action of the referee and Special Term, to thus determine the case. Instead of deciding it upon an assumption of facts and conditions not proved, it should have remitted it to the court below for a readjustment of the account. That the learned Appellate Division had no authority to pursue the course adopted is well settled by the authorities in this court. (*Moffet* v. *Sackett*, 18 N. Y. 522; *Cuff* v. *Dorland*, 57 N. Y. 560; *Whitehead* v. *Kennedy*, 69 N. Y. 462; *Andrews* v. *Tyng*, 94 N. Y. 16; *Lawrence* v. *Church*, 128 N. Y. 324; *Porter* v. *Dunn*, 131 N. Y. 314; *Altman* v. *Hofeller*, 152 N. Y. 498; *Heller* v. *Cohen*, 154 N. Y. 299; *Benedict* v. *Arnoux*, 154 N. Y. 715, 724; *Snyder* v. *Seaman*, 157 N. Y. 449; *New* v. *Village of New Rochelle*, 158 N. Y. 41.)

In *Moffet* v. *Sackett* it was held that while the General Term on appeal had power to reject a claim of either party where its extent had been definitely fixed or determined, yet it had no authority to determine the facts and direct a judgment or order based thereon. The *Cuff* case was to the effect that the appellate court had no power, upon reversal, to

render a judgment in favor of the appellant, unless the facts upon which it was founded were agreed upon by the parties or found by the trial court or jury. In *Andrews* v. *Tyng* it was declared that the Appellate Division had no authority to determine the amount of unsettled damages, at least where the facts found below were insufficient to show the true amount. In the *Porter* case it was held that the General Term had no right to change the judgment, as it had no power to determine any of the questions involved where the evidence was in conflict. *Altman* v. *Hofeller* was to the effect that the Appellate Division must either totally affirm or reverse, both as to the recovery and as to the parties, except where there were separate and distinct judgments or an error existed as to a separate claim or defense, which related only to a transaction between two of the parties, and in that case that a judgment may be reversed as to them and affirmed as to the remainder. In the *Benedict* case it was held that the Appellate Division, under section 1022 of the Code of Civil Procedure, upon reversing a judgment must grant a new trial, and that it could not properly render a final judgment unless the facts were conceded or undisputed, or established by official record, or found by the trial court, or it appears that no possible state of proof applicable to the issues would entitle a party to a judgment, and that this rule applies to actions in equity as well as actions at law. In that case it was said: "It is one of the fundamental principles of our law that questions of fact are to be tried and determined in a court of original jurisdiction, and it is not the appropriate function of an appellate court to determine controverted questions of fact and render final judgment upon such determination."

If it be said that the appeal in this case is from an order, and, therefore, the principle of the decisions cited does not apply, the answer is that this was a final order in a special proceeding and is governed by the same rules as are appeals from judgments. (Code of Civil Procedure, § 1361.) The procedure and rights of the parties upon an appeal from such an order are to be considered in the same manner and are sub-

ject to the same powers and limitations as in an action where the same issues are involved. (*People ex rel. Manhattan Ry. Co. v. Barker*, 152 N. Y. 417.)

Upon the argument it was claimed by the appellant that the petitioner had no standing or authority to institute this proceeding; that the incompetent was a necessary party to it, and that she was not properly made such, and that section 2729 of the Code of Civil Procedure has no application to this case, and, hence, that the courts below were in error in holding that the committee was not entitled to credit in excess of five hundred dollars for amounts expended by him for which no vouchers were produced. We deem it unnecessary to decide any of those questions at this time.

We are of the opinion that, after practically reversing the action of the referee and Special Term, the Appellate Division had no authority to proceed to determine the case in the manner it did. Instead of deciding it upon the assumption of certain facts and conditions not proved, the case should have been remitted to the Special Term for a resettlement of the committee's account. We think that should be done at this time. The respondent will then be in a position where the errors, if any, in the manner of instituting the proceeding, or the omission of necessary parties, may be remedied by the inauguration of a new proceeding or otherwise as he may be advised.

The order of the Appellate Division should be reversed, with costs to the appellant payable out of the fund, and the proceeding remitted to the court below for further action.

PARKER, Ch. J., O'BRIEN, BARTLETT, HAIGHT and VANN, JJ., concur; LANDON, J., not sitting.

Order reversed, etc.