WILLIAMS, Respondent, v. DELAWARE, L. & W. R. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. July 24, 1900.) Action by Ellis R. Williams against the Delaware, Lackawanna & Western Railroad Company. From a judgment for plaintiff, and an order denying a new trial, defendant appeals. Reversed. For opinion on former appeal, see 57 N. Y. Supp. 203. William Kernan, for appellant. P. C. J. De Angelis, for respondent.

PER CURIAM. Judgment and order reversed, and new trial ordered, with costs to the appellant to abide the result.

ADAMS, P. J., and McLENNAN and SPRING, JJ., concur. WILLIAMS, J., not voting.

LAUGHLIN, J. (concurring in result). In view of the questions presented and argued on this appeal, I regard the decision made by the majority of the court as indicating a determination to allow no verdict that may be rendered solely upon the evidence contained in this record to stand. Being of opinion that this is usurping the functions of the jury to an unwarranted extent, I state the case and the reasons which lead me to vote for reversal. Plaintiff was a brakeman in the employ of defendant, and the action was brought to recover damages for personal injuries sustained by him by contact with a low bridge under which his train was passing in broad daylight on the 8th day of July, 1882, in the village of Norwich. At the time of receiving the injuries plaintiff was standing on top of one of the cars, facing in the opposite direction. There have been five trials of the issues. The first trial was in 1884, and resulted in a verdict of $4,000, which was set aside on appeal, on exceptions; the court ruling that on the main questions a case was made for presentation to the jury. 39 Hun, 430. In 1886, on the second trial, the plaintiff recovered a verdict of $4,900. The judgment entered upon this verdict was sustained by the general term (43 Hun, 633), but reversed by the court of appeals, upon the ground that it appeared from plaintiff's own testimony that he had passed under this bridge daily for three weeks, and several times while riding on top of cars, and that he was chargeable with knowledge of the danger, assumed the risk, was guilty of contributory negligence, and should have been nonsuited. 116 N. Y. 628, 22 N. E. 1117. The third trial was in 1890, and plaintiff was nonsuited. The general term affirmed the judgment entered thereon (92 Hun, 219, 36 N. Y. Supp. 274), but it was reversed by the court of appeals, upon the ground that, plaintiff having changed his testimony and having testified that he never rode under the bridge on top of a car and was not aware that the bridge was dangerously low, his credibility was for the jury, and that, if his latest version was believed by them, he would have been entitled to a verdict. 155 N. Y. 158, 49 N. E. 672. The fourth trial was in 1898, and a verdict was rendered for $4,500, which was set aside by this court upon the ground that the finding of freedom from contributory negligence and that plaintiff did not assume the risk was against the preponderance of the evidence. 39 App. Div. 647, 57 N. Y. Supp. 203. Upon the fifth and last trial the former testimony was read from the printed record on the last appeal and from the stenographer's minutes, and no witness was produced before the court or jury; the evidence thus being precisely the same as that presented on the fourth trial, and practically the same as that last considered by the court of appeals. The jury again rendered a verdict in favor of plaintiff for $4,900, which the trial court declined to set aside on a motion duly made upon the minutes. It was stated by plaintiff's counsel on the argument that, if a new trial should be again ordered, he is not aware of any further evidence that plaintiff can present to strengthen his case. It is contended by counsel for appellant that another new trial would be futile, and that the judgment and order should be reversed, and judgment absolute directed in favor of defendant. On the other hand, counsel for plaintiff contends that, four successive verdicts having been rendered by the jury, it is now the duty of this court to acquiesce in the verdict and affirm the order. Section 1317 of the Code of Civil Procedure provides that the appellate division may reverse or affirm, in whole or in part, the order or judgment appealed from, or may modify the same, "and it may, if necessary or proper, grant a new trial or hearing." Our only authoritative precedents for refraining from granting a new trial on reversal, and for directing judgment absolute against the respondent, are cases where the facts have been found by the trial court, or are conceded or undisputed or established by official records, or where it is evident "that no possible state of proof applicable to the issues in the case will entitle" him to recover,—in other words, where it clearly appears affirmatively that respondent cannot succeed on a new trial. Hendrickson v. City of New York, 160 N. Y. 144–150, 54 N. E. 680; Edmundston v. McLoud, 16 N. Y. 543, 544; New v. Village of New Rochelle, 158 N. Y. 41, 52 N. E. 647; Lopez v. Campbell, 163 N. Y. 340–345, 57 N. E. 501; Heller v. Cohen, 154 N. Y. 299–305, 48 N. E. 527; In re Chapman, 162 N. Y. 456–459, 56 N. E. 994. It will be observed that in such cases the reversal is not upon a discretionary ground, such as setting aside the verdict as against the weight of evidence, but upon the merits. The appellate division possesses no greater authority in considering the facts or a verdict than the trial court. If the trial court could not nonsuit plaintiff or direct a verdict for defendant, this court cannot accomplish that result by directing judgment absolute for defendant. The court of appeals having decided, on a record which is not distinguishable from that now under review, that the case presented a question of fact requiring its submission to the jury, it is not competent for this court to decide that controverted question of fact adversely to the determination of the jury, and direct judgment absolute thereon for the defendant. Fealey v. Bull, 163 N. Y. 397, 57 N. E. 631; In re Chapman, 162 N. Y. 456–459, 56 N. E. 994; Lopez v. Campbell, 163 N. Y. 340–345, 57 N. E. 501; Bagley v. Rowe, 105 N. Y. 171, 11 N. E. 386. In many of the states the authority of the court has been expressly restricted by statute to granting two new trials on the ground that the verdict is contrary to or against the weight of evidence. 14 Enc. Pl. & Prac. 773–793. In our state the authority vested in the trial court by statute to set aside a verdict on the ground that it is contrary to or against the weight of evidence, and award a new trial, is unlimited as to the number of times it may be exercised. Code Civ. Proc. § 999; Nutting v. Railroad Co., 91 Hun, 251–257, 36 N. Y. Supp. 142. It being, however, intended that the verdict in a case which must be submitted to the jury shall be conclusive upon the facts, in the absence of legal error, or bias, passion, prejudice, or corruption, the rule

has become fairly established that, where two successive verdicts are the same, the second will not ordinarily be disturbed on this ground. Wilkie v. Roosevelt, 3 Johns. Cas. 206; Gilligan v. Railroad Co., 1 E. D. Smith, 453; Seeley v. Shaffer (Sup.) 10 N. Y. Supp. 283; Nichols v. Tuttle (Sup.) 12 N. Y. Supp. 394; Yeandle v. Yeandle (Sup.) 16 N. Y. Supp. 49; Haring v. Railroad Co., 13 Barb. 16; Fowler v. Insurance Co., 7 Wend. 275; Betsinger v. Chapman, 24 Hun, 16; Barrett v. Railroad Co., 45 App. Div. 225–229, 61 N. Y. Supp. 9; King v. Association, 87 Hun, 584–591, 34 N. Y. Supp. 563; Nugent v. Railway Co., 46 App. Div. 105–109, 61 N. Y. Supp. 476. A second verdict has sometimes been set aside, and an exception to the rule exists where the circumstances are extraordinary and the verdict is clearly outrageous. Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123, affirmed in 158 N. Y. 742, 53 N. E. 1124; Nutting v. Railroad Co., 91 Hun, 251–257, 36 N. Y. Supp. 142; Id., 21 App. Div. 73–75, 47 N. Y. Supp. 327; Hamilton v. Railroad Co., 40 Super. Ct. 377, 378; Scheftel v. Hatch (Sup.) 25 N. Y. Supp. 240; Kummer v. Railroad Co., 14 Misc. Rep. 507, 35 N. Y. Supp. 1066; Clark v. Jenkins, 162 Mass. 397, 38 N. E. 974, and cases cited. The usual considerations which lead an appellate court to hesitate before setting a verdict aside, as against the weight of evidence, are that the jury and trial court have had an opportunity to observe the demeanor of the witnesses upon the stand, and by reason thereof are in a better position to judge of their credibility. This consideration can have no weight on this appeal, for the reason that the jury and trial court have had no greater opportunity to observe the witnesses or judge of their credibility than is afforded to us. In view of our last decision, it was, therefore, the duty of the trial judge to set this verdict aside; and that error may now be corrected, without determining whether the facts are of such an extraordinary character as to make the case an exception to the ordinary rule above stated with reference to setting aside verdicts as against the weight of evidence. The judgment and order appealed from should be reversed, and a new trial granted, with costs to appellant to abide the event.