(96 App. Div. 117.)

SERGENT v. LIVERPOOL & LONDON & GLOBE INS. CO.

(Supreme Court, Appellate Division, Third Department. June 30, 1904.)

1. INSURANCE—KNOWLEDGE OF AGENT—BURDEN OF PROOF.

In an action on an insurance policy the burden is on plaintiff to show that defendant's agent knew, at the time that the policy was issued, that the building insured was on leased ground.

2. SAME—EVIDENCE—SUFFICIENCY.

In an action on an insurance policy, evidence *held* insufficient to show that defendant's agent, when he issued the policy, had knowledge that the building insured was on leased ground.

3. APPEAL—REVIEW OF EVIDENCE—FORMER TRIALS—EFFECT.

The principle that, where a case has been tried three times with the same result, the appellate court will not disturb the verdict as against the weight of evidence, has no application to a case where the verdict has no evidence at all to support it

Appeal from Trial Term, Otsego County.

Action by Adelbert G. Sergent against the Liverpool & London & Globe Insurance Company. From a judgment for plaintiff, and from an order denying a new trial, and from an order granting plaintiff an extra allowance of costs, defendant appeals. Reversed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

C. H. Thomas, for appellant.

Andrew G. Washbon, for respondent.

CHESTER, J. Under the decision of this case when it was here upon a former appeal (66 App. Div. 46, 73 N. Y. Supp. 120), I fail to see how the judgment now appealed from can be affirmed, for the reason that I am unable to find any substantial difference in the facts in this record from those recited in the opinion upon that appeal. There it was held that, where the agent had testified that he had no knowledge or information, at the time he issued the policy, that the building insured was erected upon leased land, the jury had no right to find, in the absence of evidence contradicting the agent's testimony, that he had any such knowledge. It appeared there, as here, that the plaintiff swore that he told the agent, upwards of a year before the policy in question was issued, and many months before he was the agent of this defendant, that the building stood upon leased ground; but the only evidence upon this trial which it is claimed shows or tends to show that he had any such knowledge at the time he issued the policy is that in an interview between the agent and the plaintiff and his counsel in May, 1893, shortly before the first trial of the action, the agent said, in substance, that the policy in question was the first one he had put in this company, and whenever he insured a building that stood on leased land now he put it in the policy; that, if he had put it in this policy, the company would have been responsible, and the lawsuit saved. This was said after the answer was served,

¶ 1. See Insurance, vol. 28, Cent. Dig. § 1658.

and after the agent had been fully advised that the building was on leased land. There is no pretense that the agent said at that time that he did or did not know that this building was upon leased ground at the time he issued the policy. About all that can be claimed for the new evidence is that the agent admitted that when he knew a building was on leased land he mentioned it in the policy. This evidence is not at all inconsistent with the agent's claim that he did not know. The burden was on the plaintiff to show that he did, and that burden is not satisfied by such evidence. When it is borne in mind that the only information which Thomas, the agent, had, according to the plaintiff's claim, concerning the property being upon leased ground, was communicated to him over a year before the policy was issued, and long before Thomas had been commissioned as agent of the defendant, I fail to see, in the face of his denial that he had such knowledge at the time he issued the policy, anything in the new evidence from which the jury could properly find that he in fact had it.

The action is defended also on the ground that the building had been vacant and unoccupied for more than 10 days previous to the fire, without a written consent to that effect indorsed on the policy, and that a condition of the policy made it void in such case. It was claimed on the part of the plaintiff that at the same interview in which he told the agent that the building was on leased ground he also told him that this factory was not running at that time, and that it only ran as he could make satisfactory arrangements with the patrons. It must be presumed that the jury have found that the plaintiff did so tell Thomas, but, even so, that conversation referred to the date of it; that is, that the factory was not running at the time of the interview, and only as he could make satisfactory arrangements with the patrons. There is nothing in the proof to show that that statement referred in any way to the building being vacant at the time of the issuing of the policy, over a year thereafter, or at the time of the fire; nor is there a particle of evidence in the case from which the jury could find that Thomas knew that the building was vacant or unoccupied, and had been for more than 10 days prior to the fire, or from which the jury could have found that the condition of the policy in that respect was waived.

The plaintiff refers to the case of Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123, and invokes the principle that, where a case has been tried three times, and upon each occasion with the same result, the appellate court will not disturb the verdict as against the weight of evidence, but will allow it to stand, and affirm the judgment. But that principle can have no force as applied to a case where the verdict has no evidence at all to support it.

I think, following the decision upon the former appeal, that this judgment and the orders appealed from must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.