(140 App. Div. 411.)

McDONALD v. DEGNON–McLEAN CONTRACTING CO. et al.

(Supreme Court, Appellate Division, First Department.    November 4, 1910.)

1. EVIDENCE (§ 471*)—OPINIONS—TRENCHES IN STREET—METHODS OF WORK.

In an action for personal injuries received by falling into a trench excavated in a city street by defendant contractor, evidence as to the usual and ordinary methods of doing such work, and the usual precautions against danger to the public, is properly received as proof, and not speculation, as to the methods usually followed in such work.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

2. TRIAL (§ 54*)—RECEPTION OF EVIDENCE—EVIDENCE PROPER AGAINST PARTICULAR PARTIES.

Where the plaintiff has joined two as parties defendant, testimony by a witness for the plaintiff in rebuttal of testimony adduced by one of the defendants is admissible only against that defendant whose testimony the witness was called to rebut.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 126–128; Dec. Dig. § 54.*]

3. APPEAL AND ERROR (§ 1050*)—TESTIMONY—AGAINST WHAT PARTIES ADMISSIBLE—ERROR.

Where two parties are joined as defendants, and testimony offered to rebut testimony adduced by one of the defendants is admitted against the other defendant over his timely objection, its admission, as to the objecting defendant, is reversible error.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

Appeal from Trial Term, New York County.

Action by John P. McDonald against the Degnon-McLean Contracting Company and the City of New York. From a judgment for the plaintiff, and from an order denying a new trial, defendants appeal. Affirmed as against the defendant Degnon-McLean Contracting Company, and reversed as to the defendant City of New York, and a new trial ordered.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Terence Farley, for appellant City of New York.
James F. Donnelly, for appellant Degnon-McLean Contracting Co.
John M. Ward, for respondent.

PER CURIAM. This case was before this court upon a prior appeal, and is reported in 124 App. Div. 824, 109 N. Y. Supp. 519. Upon the second trial of the action the plaintiff has recovered a verdict against both of the defendants in the sum of $2,500, and from the judgment entered upon such verdict the present appeal is taken.

The record in the present case varies from the former one in some important particulars, of which the following may be instanced: There was proof upon the second trial from which the jury were warranted in finding that there was no litter or rubbish present in front of, or near, the spot where the plaintiff attempted to cross the street, nor was there anything present at that spot to call his attention to any unusual danger there. The testimony was fuller as to the distance

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

between the red lights which were stationed along the line of the work, and it was established that the red light nearest to Sixth avenue was obscured from the view of the plaintiff by the fact that it was hanging against the side of a plank. It furthermore was proven upon this trial that there are usual and ordinary precautions taken to guard such an excavation as the one in question, and to prevent accidents thereat, and that such precautions consisted either of planking over the excavation, tying ropes to standards around the excavation, or putting up wooden standards with strips along the top, making a barrier in the shape of a fence. Testimony was also given showing how at least one of these precautions could have been used to advantage under the conditions which existed upon the work in question.

The questions of fact were submitted to the jury in accordance with the principles laid down by this court in its prior opinion and there are no valid exceptions, as far as the defendant construction company is concerned, nor can the verdict against it be set aside as against the weight of evidence. The questions involved in the trial were purely questions of fact, and, as was said in Dorwin v. Westbrook, 11 App. Div. 394, 42 N. Y. Supp. 1123, affirmed 158 N. Y. 742, 53 N. E. 1124:

"As the jury are the final arbiters of the facts, the court must, after affording them reasonable opportunities to compare their own opinions of the facts with those held by the appellate court, finally accept the judgment of the jury."

With respect to the defendant the city of New York, however, error was committed by allowing the testimony of the witness Southard to be received against it in the face of its objection and exception. The city rested its case after offering in evidence certain documentary proof, but produced no witnesses. The witness Southard was called by plaintiff in rebuttal of testimony adduced on behalf of the defendant Degnon-McLean Company, which bore upon the question of the usual and ordinary method of doing the work which was then in progress in Forty-Second street, and in regard to the precautions which were usually taken to guard against dangers to the public in the prosecution of such work. His testimony was properly received, for it was proof of the procedure actually followed upon such work, and was not mere speculation or hypothesis. It was not, however, admissible against any defendant except the one whose testimony was thus sought to be rebutted; and such objection was at once taken by the counsel for the city, and the request made that the jury be instructed that the rebuttal evidence was not to be taken as against the city. The denial of this request constituted error, and, exception having been duly taken, the judgment, so far as it affects the city of New York, must be reversed.

The judgment and order appealed from are affirmed, with costs to the respondent, as against the defendant Degnon-McLean Contracting Company, and reversed as to the defendant the city of New York, and a new trial ordered, with costs as to the latter defendant to abide the event.