James Bradley, as Administrator, etc., of James Bradley, Jr., Deceased, Appellant, *v.* Second Avenue Railroad Company, Respondent.

*Negligence — a passenger on a street car killed by being thrown over the dashboard — a change in his testimony made by a witness on a second trial, the probable cause of the accident and the fact that the deceased was standing on the platform, all present questions to be decided by the jury.*

In an action brought to recover damages arising out of the death of a passenger who, while riding upon the front platform of a street railroad car, was thrown over the dashboard, a witness testified that the jerk was as if the driver had put the brake on and then let it go, or as if there was a rock or something on

the car track, and this, being the sole evidence on the question of negligence, was held on appeal from a judgment in favor of the plaintiff to be insufficient to show negligence upon the part of the defendant. On a second trial the same witness testified that he saw the driver put on the brake as quickly as he could, and then suddenly let it go again; and another witness, not examined upon the first trial, also testified that he saw the driver put the brake on suddenly, and that the plaintiff's intestate was thrown over the dashboard.

*Held*, that, even if the court were of opinion that the first witness had amended his testimony to fit the opinion of the General Term upon the previous appeal, that fact would not authorize the court to take the case away from the jury, as it was simply a fact to be considered by the jury in weighing his evidence;

That it was also a question for the jury whether it was a physical impossibility that the accident could have happened if the brake were suddenly put on and as quickly let go;

That if the driver had made this sudden and unusual application of the brake, by which the deceased was thrown over the dashboard of the car, it was incumbent upon the defendant to excuse this extraordinary management of the car by showing the existence of some emergency which appeared to require such prompt and decisive action;

That the fact that the deceased was standing upon the front platform of the car, and that snow had previously fallen, rendering everything somewhat slippery and slushy, did not, in view of the fact that he was smoking, and that it was the custom of the defendant to allow smoking upon the front platform, constitute, as matter of law, conclusive evidence of contributory negligence, it being a question for the jury to determine whether from the evidence any reasonable excuse had been offered for his being there.

APPEAL by the plaintiff, James Bradley, as administrator, etc., of James Bradley, Jr., deceased, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 28th day of February, 1898, upon the dismissal of his complaint by direction of the court after a trial at the New York Trial Term.

*Sumner B. Stiles*, for the appellant.

*Charles F. Brown*, for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover damages for the death of the appellant's intestate through the alleged negligence of the defendant. This case has been previously tried, resulting in a verdict and judgment for the plaintiff, which was reversed by the General Term upon the ground that there was not sufficient evidence of the

defendant's negligence and of the freedom of the plaintiff's intestate from contributory negligence (90 Hun, 419). The accident which resulted in the death of the plaintiff's intestate occurred on the 25th of January, 1895. He was a passenger upon one of the defendant's horse cars going up town, boarding the car between Twenty-sixth and Twenty-seventh streets. He rode upon the front platform of the car, standing behind the driver on the right side, with his back against the window, and smoking a cigar. When the car reached a point between Sixty-third and Sixty-fourth streets and was going on a slight down grade, it gave a sudden jerk and the deceased was thrown over the dashboard, under the wheels of the car, and killed. Upon the previous trial, one James Carroll was a witness and testified that the jerk was as if the driver had put the brake on and then let it go, or as if there was a rock or something on the car track — anything like that. This was the sole evidence on the question of negligence, and the court held upon appeal that it was insufficient to show negligence upon the part of the defendant in the management of its car. There was no evidence whatever that the brake had been suddenly put on, and the testimony was entirely consistent with the assumption that the accident had happened without the brake being put on at all, and hence that there was nothing from which the jury were authorized to impute negligence to the driver of the car. Upon the second trial, the witness Carroll testified that he saw the driver put on the brake as quickly as he could and then all of a sudden let it go again. Another witness who was not examined upon the previous trial — a Mr. Allen — testified that he also saw the driver put the brake on suddenly and that the plaintiff's intestate was thrown over the dashboard.

Even though the court should be of the opinion that the witness Carroll had amended his testimony to fit the opinion of the General Term upon the previous appeal, that fact would not authorize the court in taking the case away from the jury. It was simply a fact to be considered by the jury in weighing his evidence. (*Williams* v. *Delaware, Lackawanna & W. R. R. Co.*, 155 N. Y. 158.) The history of the case cited upon that subject is somewhat instructive, it having been twice to the General Term and twice to the Court of Appeals (39 Hun, 430; 116 N. Y. 628; 92 Hun, 219; 155 N. Y. 158). In this case, in addition to Carroll's testimony, we have

another witness sworn, who was not examined upon the former trial, and who testifies to the same fact.

It is urged upon the part of the respondent that Carroll's testimony, taken as a whole, was substantially to the same effect as before, but as the complaint was dismissed, the most favorable version of his testimony must be taken by the court in considering this appeal.   It is also urged upon the part of the respondent that it was a physical impossibility that the accident could have happened if the brake were suddenly put on and as quickly let go.   This is a consideration to be submitted to the jury.   They are to judge as to whether there was a sufficient interval between the putting on of the brake and the release of it to throw the plaintiff's intestate over the dashboard, which seems to have occurred.   If there was upon the part of the driver of the defendant this sudden and unusual application of the brake, by which the deceased was thrown over the dashboard of the car, it was incumbent upon the defendant to excuse this extraordinary management of the car by showing the existence of some emergency which appeared to require such prompt and decisive action.

The remaining question to be considered is as to whether the plaintiff has sustained the obligation cast upon him by the law, of showing want of contributory negligence upon the part of his intestate.   When the case was before the General Term, it appeared that the deceased was standing upon the front platform of the car without any apparent reason, and that there were considerable accumulations of snow and ice upon the track which had made it difficult to manage the car.   Upon the second trial, however, the evidence tended to show that it had not been snowing much at the time of the accident, and that sufficient snow had not fallen to cause any unusual movements of the car, although everything was somewhat slippery and slushy.   It further appeared that, at the time of the happening of the accident, the deceased was smoking, and that it was the custom of the defendant to allow smoking upon the front platform.   It cannot be held that the mere fact that the deceased was standing upon the front platform is, as matter of law, conclusive evidence of contributory negligence.   That depends upon the circumstances of each individual case, and it is a question for the jury to determine whether, from the evidence, any reasonable excuse

has been offered. In the case at bar it appears that it was the custom of the railroad company to allow smoking upon the front platform, and that the deceased was smoking, and the jury had a right to consider all these circumstances, as well as the state of the weather and the condition of the streets, in determining the question as to whether the deceased had been guilty of contributory negligence.

Upon the whole case, therefore, we think that the dismissal of the complaint was error, and that the judgment appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

BARRETT, RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment reversed, new trial ordered, costs to appellant to abide event.