(24 Misc. Rep. 231.)

HENDRICKSON v. CITY OF NEW YORK et al.

(Supreme Court, Special Term, Queens County.    July, 1898.)

TOWNS—CONTRACTS.
    Under Laws 1896, c. 309, § 2, requiring that a petition to a town board shall be filed with the town clerk, and making the jurisdiction of the board depend upon such filing, and section 3, requiring the notice of time and place when the board would act on the petition to state that it had been so filed, a notice that, "the following petition being received by the town board," it would sit at a stated time and place, "for the purpose of acting on the same," is a sufficient allegation of such filing.

Action by Peter C. Hendrickson against the city of New York and others to have annulled a contract made on December 17, 1897, by the town board of the town of Jamaica, Queens county, for the lighting of a district of the said town. The said town is now part of the city of New York. Judgment for defendants.

W. S. Cogswell, for plaintiff.
H. A. Monfort and W. J. Carr, for defendants.

GAYNOR, J. It is conceded, and I find as matters of fact, that a petition of 68 of the taxable inhabitants of the town for the establishing of the district (which it bounded and described) and the making of a contract to light the same was filed with the town clerk; that the town board thereupon caused notice to be published in a newspaper published in the town for one week giving notice in so many

791 HENDRICKSON V. CITY OF NEW YORK.

words that "the following petition being received by the town board," it would sit at the town hall on December 10, 1897, at an hour named, "for the purpose of acting on the same," the said petition which purported in so many words to be by "the undersigned taxable inhabitants of the town" being published under and as part and parcel of the said notice; that at the time named in the said notice the town board sat in the town hall and gave a hearing upon the petition, and established the district; and that thereafter, viz. on December 17, 1897, it entered into a contract with the defendant company for the lighting of the said district by electric lights for 10 years from that date.

To establish the invalidity of the said contract, the plaintiff makes the single objection that the said notice did not give notice of the filing of the said petition with the town clerk. Laws 1896, c. 309. Section 2 requires that the petition shall be by not less than 25 taxable inhabitants and "filed with the town clerk," and makes the jurisdiction of the town board to take action depend on such filing. Section 3 is very inartificial, inexact, ungrammatical and confused, but the said requirement of the notice which is insisted upon, whether the publication is to be in a newspaper or by posting for lack of a newspaper, is in it.

I think the notice was broad enough to be in substantial compliance with the statute. It was that the town board had received the petition, instead of in so many words that the petition had been filed with the town clerk. By the fair effect of the statute the notice by the town board that it had received the petition was notice that it had been filed with the town clerk, for that is the only way prescribed by the statute for the presentation of it to the town board, and for the town board's legal receipt of it. The petition having been in fact filed with the town clerk, the statement in the notice that the town board had received the petition, must be understood as having reference to the manner prescribed by the statute for the presentation and legal receipt of it by the town board, and thus is the notice as broad as the statute. Terrel v. Wheeler, 123 N. Y. 84, 25 N. E. 329.

I do not deem the strict rule of cases like Merritt v. Village of Port Chester, 71 N. Y. 309, and Stebbins v. Kay, 123 N. Y. 34, 25 N. E. 207, applicable. In the one case the commissioners who were to apportion and cast the assessments did not take the oath prescribed by statute, and in the other they did not make and subscribe the certificate by which alone the apportionment could be made and the assessments cast. They present a very different question from the one now at bar.

The defendant the city of New York presents the point that the lighting contract can have no validity after January 1, 1898. The act creating the present city of New York having been passed prior to the making of the contract, and the corporate life of the town being thereby limited to January 1st, it may be that the law in respect of the power of private trustees to make contracts to extend beyond the trust term is applicable. But as that question was not argued at the bar, and no precedents touching it have been cited, I do not feel that I should go into it, especially in view of the many

other similar official acts involved in a decision of it. Let it await diligent preparation and careful argument.

Judgment for the defendants.