JOHN L. LAWRENCE, Plaintiff, *v.* GEORGE W. SMITH et al.,
Defendants.

(Supreme Court, Queens Special Term, July, 1898.)

**Towns — An incorporated village cannot be included in a lighting
district — Laws of 1896, chap. 309.**

> A town board has no power, under the general act authorizing towns
> to establish lamp or lighting districts outside the limits of any incor-
> porated village or villages (Laws of 1896, chap. 309), to include in the
> district any part of the territory of an incorporated village; its ac-
> tion, in establishing such a district and in making a contract for
> lighting it, is wholly void, and the court has no power to separate
> such a district and set up a new one.

ACTION by a taxpayer to annul the action of the town board of
the town of Hempstead, Queens county, in establishing a lighting
district and making a lighting contract therefor for ten years.
Part of the territory of the district is within the incorporated vil-
lage of Lawrence.

W. S. Coggswell for plaintiff.

H. A. Monfort for defendants.

GAYNOR J.: The Town Board had no power to include any
part of the territory of an incorporated village in the district (ch.
309, Laws of 1896). Its action in establishing the district and
making the contract is therefore void. The court has not the
power to separate the district and set up a new one. The assess-
ments upon property in such new district to pay the expense of the
lights would be as void as similar assessments laid within the pres-
ent district. And even if the court had the power to separate the
good from the bad in the resolution of the town board establishing
the district, it could not do so unless they are so independent of each
other that the court could see and say that the town board would
have exercised its discretion to pass the resolution with the bad
left out, as is the rule in respect of statutes void in part (Matter
of Kenny, 23 Misc. Rep., at p. 14, and cases cited).

Judgment for the plaintiff with costs.