PETER C. HENDRICKSON, Appellant, *v.* THE CITY OF NEW YORK, Appellant, Impleaded with the JAMAICA ELECTRIC LIGHT COMPANY, Respondent.

*Contract for lighting the town of Jamaica — it is void where it is to be executed only after the consolidation of the town in the Greater New York — notice of the filing of a petition.*

The town board of the town of Jamaica, which on January 1, 1898, was consolidated with the city of New York by chapter 378 of the Laws of 1897, had no power on the 17th day of December, 1897, to enter into a contract for lighting a certain district in that town for a period of ten years from the date of the contract, where it appears that the contract could by no possibility be of benefit to the town of Jamaica, or to the people of the district to be lighted under its provisions, while the town of Jamaica remained a town.

Such a contract constitutes an attempt to nullify the power granted to the municipal authorities of the city of New York by section 587 of the Greater New York charter, to make contracts for the lighting of the consolidated city.

*Semble,* that a notice by the town board to the effect that it had received the petition for the lighting of the district in question is a substantial compliance with the statute (Laws of 1896, chap. 309, §§ 2, 3), requiring it to publish notice that the petition had been filed with the town clerk.

APPEAL by the plaintiff, Peter C. Hendrickson, and by the defendant The City of New York, from a judgment of the Supreme Court in favor of the defendant the Jamaica Electric Light Company, entered in the office of the clerk of the county of Queens on the 23d day of July, 1898, upon the decision of the court rendered after a trial at the Queens County Special Term dismissing the complaint upon the merits.

*William S. Cogswell,* for the plaintiff, appellant.

*William J. Carr,* for the city of New York, appellant.

*Henry A. Monfort,* for the respondent.

WILLARD BARTLETT, J.:

This is a taxpayer's action brought to annul a contract alleged to have been entered into on the 17th day of December, 1897, between the town of Jamaica and the Jamaica Electric Light Company, for furnishing electric lights to a designated lighting district in that

town for a period of ten years from the date of the contract. The agreement was attacked on two grounds: (1) That the town board had not caused notice of the filing of the petition for lighting to be published as required by the statute (Laws of 1896, chap. 309, §§ 2, 3), and (2) that inasmuch as nothing in the way of lighting the district could be done until after the town of Jamaica had ceased to exist as a separate municipality by virtue of its consolidation into the city of New York, the town board had no power to enter into a contract which should bind the new city for a period of ten years.

Instead of publishing notice that the petition for lighting had been filed with the town clerk, the town board published notice that it had received the petition. In the opinion written by the learned judge at Special Term, it was held that this notice was broad enough to be a substantial compliance with the statute. In this conclusion we concur.

As to the second point, that the lighting contract could have no validity after January 1, 1898, when the corporate life of the town of Jamaica terminated, he did not feel that he should go into it as it was not argued at the bar, and no precedents had been cited touching it, saying: "Let it await diligent preparation and careful argument." The point was necessarily passed upon, however, favorably to the validity of the contract, by the direction of judgment dismissing the complaint, and, indeed, it was expressly determined by the second conclusion of law which declared: "That the said lighting district was established, and the said contract made by said Town Board pursuant to law, and that the establishment of said district and the said contract are, in all respects, valid and legal."

As we are constrained to differ from the decision actually made by the learned Special Term judge in regard to this branch of the case, we have deemed it proper to point out clearly that the question which it involved was merely suggested, without being argued, before him.

We can find no manifestation in the Greater New York charter of any intention on the part of its framers to empower existing municipalities which should be included in the consolidation to exercise legislative authority, or enter into contracts which should

have no effect whatever until the Greater New York came into existence.

The contract in question could, by no possibility, be of any benefit to the town of Jamaica, or to the people of the lighting district to which it related while Jamaica remained a town.

In the present case, there was no obligation to furnish any light until April 15, 1898. The action appears to have been tried upon the pleadings, as there is no evidence in the record, and the answer of the city of New York expressly alleges that no steps were taken to perform the contract until after the town of Jamaica had ceased to exist, on the 1st day of January, 1898.

Under section 587 of the Greater New York charter (Laws of 1897, chap. 378), contracts for lighting the streets and parks are to be made for the term of one year. "Separate contracts shall be made for such lighting in each of the boroughs of the city of New York, or in such subdivisions of the city as may appear to the board of public improvements and the municipal assembly to be for the best interests of said city. The number, kind and location of lights to be furnished under each of said contracts shall be determined and prescribed by the commissioner of public buildings, lighting and supplies."

By making the contract in question here, the town board of Jamaica sought to nullify this grant of power, and the contract, if valid, would nullify it not merely as incidental to some benefit accruing thereunder to the town of Jamaica prior to consolidation, but by its force as an agreement which could be of no benefit to the population of the lighting district until after the territory had become a part of the Greater New York.

In other words, the contract could have no practical effect on the town of Jamaica until after that town should be comprised within the consolidated city; and its only effect thereafter, if valid, would be to restrict and limit the power of the municipal authorities of the Greater New York in respect to the lighting of that part of the city for a period of ten years after consolidation, and impose upon the city the obligation of paying for such lighting at a rate fixed by the town board.

Municipal corporations " may make authorized contracts, but they have no power, as a party, to make contracts or pass by-laws which

shall cede away, control or embarrass their legislative or governmental powers, or which shall disable them from performing their public duties." (1 Dillon Mun. Corp. [4th ed.] § 97.) It would seem to be equally true that a municipal corporation just about to merge its individuality into another and larger corporate entity may not make a contract from which it can derive no benefit during its independent existence and which would deprive its successor of a portion of the power expressly granted to that successor by the Legislature.

The decision of this court in the case of *The People ex rel. Wohlfarth* v. *York* (33 App. Div. 573) is not in conflict with the views which have been expressed. There six months were to elapse between the creation of the police force of College Point and the absorption of that village into the Greater New York; and during that period the village received the benefit afforded by the additional police protection which had been provided for. It is perfectly plain in the present case, however, that in the fortnight which elapsed between the execution of the contract in question and the termination of the existence of Jamaica as a town, no benefit whatever could accrue or did accrue to the lighting district. The whole undertaking was prospective, and could have no effective operation until after consolidation. It was an effort on the part of the town board to do that which, we think, they possessed no authority to do under well-established principles of public policy which condemn such contracts as void.

For these reasons we think the judgment should be reversed.

In making this direction it is not necessary to determine whether the city of New York, coming in as a defendant in a taxpayer's action and asking affirmative relief, stands in the same position as the plaintiff himself. The complaint herein is broad enough to entitle the plaintiff to relief on the same ground as that chiefly relied upon by the city, to wit, a want of power on the part of the town board to enter into a contract which could only become practically operative after the town of Jamaica ceased to exist.

All concurred.

Judgment reversed and judgment directed for plaintiff, with costs.