PETER C. HENDRICKSON, Respondent, *v.* THE CITY OF NEW YORK et al., Respondents, and THE JAMAICA ELECTRIC LIGHT COMPANY, Appellant.

1. CITY OF NEW YORK — INVALIDITY OF CONTRACT MADE BY ANNEXED TOWN AFTER ENACTMENT AND BEFORE TAKING EFFECT OF GREATER NEW YORK CHARTER, AND INTENDED TO AFFECT TERRITORY AFTER MERGER OF TOWN. The contract made December 17, 1897, by the town of Jamaica with the Jamaica Electric Light Company, regulating for ten years the lighting of territory that would on January 1, 1898, become a part of the city of New York under the Greater New York charter (L. 1897, ch. 378), is void for the reasons that it was not entered into in good faith by the town, but was intended to embarrass and control the greater city of New York in lighting its streets in the territory covered by the town for ten years after its execution; that under the provisions of the Greater New York charter the town of Jamaica had no power to enter into the contract; and that the legislative scheme, as contained in the Greater New York charter, discloses a public policy that was violated by the execution of the contract.

2. TAXPAYER'S ACTION — STATUS OF DEFENDANT MUNICIPALITY. *Quære,* whether the municipality, coming in as a defendant in a taxpayer's action and asking affirmative relief, stands in the same position as the plaintiff himself. ·

3. APPEAL — JUDGMENT ABSOLUTE BY APPELLATE DIVISION ON REVERSAL. A complaint in a taxpayer's action, properly pleading the execution and delivery of an annexed street lighting contract, made by a town included in the Greater New York charter, subsequent to the enactment and just prior to the taking effect of the charter, and alleging that the contract is void under the charter, raises the points of good faith, power and public policy as questions of law, growing out of the contract on its face and the charter; and if the Appellate Division, in reversing the trial court, determines that the contract is void on those grounds, it is proper for it to award judgment absolute against the defeated party.

*Hendrickson* v. *City of New York*, 38 App. Div. 480, affirmed.

(Argued June 8, 1899; decided October 3, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 16, 1899, reversing a judgment of the Special Term dismissing the complaint, and awarding judgment for plaintiff declaring the contract set forth in the complaint invalid.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Henry A. Monfort* for appellant. The notice published was a compliance with the law in all essential particulars, for it stated that the petition had been received by the town board, of which the town clerk was a member, and would be acted upon at a designated time and place, and even contained a copy of the petition in full. (L. 1896, ch. 309, § 2; *Moore* v. *Mayor, etc.,* 73 N. Y. 238.) The town board had authority to make the contract in question, notwithstanding the Consolidation Act. (*People ex rel.* v. *York,* 33 App. Div. 573.) The court below erred in concluding that section 587 of the Greater New York charter, which provides for the making of contracts for lighting the city, after the charter went into effect, limited the powers of the town board. (L. 1897, ch. 378, § 1611.) Prior to January 1, 1898, the town board, and not the city authorities, were clothed with the authority to determine whether a contract for lighting the district should be made, and the duration of such contract was then to be determined under the Town Law, and not under the city charter. (*Blaschko* v. *Wurster,* 156 N. Y. 437.) The corporate existence of the town of Jamaica did not terminate on the 31st day of December, 1897. (*Girard* v. *Philadelphia,* 7 Wall. 1; *C. Nat. Bank* v. *Phelps,* 97 N. Y. 51; *Laird* v. *City of De Soto,* 22 Fed. Rep. 421.) The answer of the city, however, so far as it assumed to aver causes of action for setting aside the contract, not declared upon in the complaint, was unauthorized and raised no issue whatsoever. (Code Civ. Pro. §§ 452, 521, 1204, 1925; *Smith* v. *Hilton,* 50 Hun, 236; *Rafferty* v. *Williams,* 34 Hun, 544; *Hadsall* v. *Scott.* 26 Hun, 617; *Van Allen* v. *Rogers,* 5 Misc. Rep. 420.)

*John Whalen, Corporation Counsel* ( *William J. Carr* of counsel), for the City of New York, respondent. The town board of Jamaica, on the 17th day of December, 1897, when the duration of the town was limited in extent to fourteen

days, had no power to enter into a contract under which performance was not required until a date three months after the pending dissolution of the town. (L. 1893, ch. 255 ; L. 1896, ch. 309 ; L. 1897, ch. 378, §§ 5, 1611 ; *L. S. R. R. Co.* v. *Roach,* 80 N. Y. 339 ; *People ex rel.* v. *Com. of Taxes,* 95 N. Y. 554 ; *People ex rel.* v. *Lacombe,* 99 N. Y. 43 ; *People ex rel.* v. *McClave,* 99 N. Y. 89 ; *Bell* v. *Mayor, etc.,* 105 N. Y. 144 ; *Delafield* v. *Brady,* 108 N. Y. 529 ; *Miller* v. *Salomans,* 7 Exch. 546 ; *R. C. G. L. Co.* v. *Town of Middletown,* 59 N. Y. 228 ; Dillon on Mun. Corp. § 97 ; *City of Carlyle* v. *C. W., etc., Co.,* 52 Ill. App. 577.)

*William S. Cogswell* for respondent Hendrickson. The town board had no authority to contract for lighting the streets, avenues, etc., except such as was conferred by law. (L. 1890, ch. 569, § 2 ; *Morson* v. *Town of Gravesend,* 89 Hun, 54.) The statute (Chap. 309, Laws of 1896) giving the town board power to contract for the lighting of the streets, avenues, etc., limits its exercise upon the observance of certain conditions. (L. 1896, ch. 309, §§ 2, 3 ; *Matter of Sharp,* 56 N. Y. 259.) These provisions of the statute are mandatory. The power is conferred by observance of the mode, and aside from the mode designated, there is a want of all power on the subject. (Endlich on Interp. of Stat. §§ 433, 434 ; *People* v. *Schermerhorn,* 19 Barb. 558 ; *Matter of Water Comrs.,* 96 N. Y. 357 ; *People ex rel.* v. *Common Council,* 140 N. Y. 306 ; *Smith* v. *City of Newburgh,* 77 N. Y. 136 ; *Merritt* v. *Vil. of Portchester,* 71 N. Y. 311 ; *Stebbins* v. *Kay,* 123 N. Y. 35 ; *Parr* v. *Vil. of Greenbush,* 72 N. Y. 471 ; *Brown* v. *Mayor, etc.,* 63 N. Y. 242.) The notice required by the statute was not given ; therefore, the town board had no authority to contract. (*Stebbins* v. *Kay,* 123 N. Y. 35 ; *Adriance* v. *McCafferty,* 2 Robt. 153 ; *Sanders* v. *Downs,* 141 N. Y. 426.)

BARTLETT, J. This is a taxpayer's action brought by a resident of the late town of Jamaica to enjoin the defendant, the city of New York and its officers, from levying any tax

for the purpose of making payment, and from making any payment, on account of the contract made December 17th, 1897, between the town board of the town of Jamaica and the defendant, the Jamaica Electric Light Company, on the ground that such contract was illegal. On December 2nd, 1897, a petition was signed by sixty-eight taxable inhabitants of the town of Jamaica, asking the town board to establish a lamp or lighting district and to contract with some responsible parties to light the streets, highways and public places within that district. Thereupon the town board received such petition and ordered it to be placed on file, and directed that the petition be advertised for one week, and notice given that the town board would meet on December 10th, 1897, to act thereon. At the time and place stated the town board met and established the district. Subsequently and on December 17th, 1897, the contract was made between the town board and the Jamaica Electric Light Company, whereby the latter company agreed to furnish four hundred or more arc electric lights at the price of one hundred dollars per light per year, for the term of ten years from December 10th, 1897. The town of Jamaica was one of the municipal corporations consolidated with the city of New York by the Greater New York charter, which went into effect January 1st, 1898. The plaintiff, as a taxpayer, attacked this contract on two grounds: That the town board failed to observe those statutory directions necessary to give it jurisdiction in the premises; that the contract was illegal and wholly void. The Jamaica Electric Light Company put in an answer of general denial, and the city of New York and its board of estimate and apportionment served a joint answer charging that the contract was illegal and void for various reasons.

The first point of attack, that the town board never acquired authority to make the contract, rests upon the question whether the board observed the provisions of chapter 309 of the Laws of 1896, from which their power is derived.

The learned judge at Special Term and the Appellate Division were of opinion that the manner in which the board pro-

ceeded was a substantial compliance with the provisions of this
statute.

We have also reached the same conclusion and, therefore,
deem it unnecessary to consider in detail the argument of
respondents in this connection, as we favor affirmance of the
judgment on the merits.

The second ground of attack is based upon the proposition,
among others, that the town board, on the 17th day of
December, 1897, when the life of the town was to terminate
in fourteen days, had no power to enter into a ten-year con-
tract under which performance was not required until three
months after the town had ceased to exist.

The judge at Special Term said in regard to this question,
that as it was not argued at the bar and no precedents touch-
ing it had been cited, he did not feel that he should go into
it, especially in view of the many other similar official acts
which would be involved in the decision; he thereupon dis-
missed the complaint generally, which was virtually a decision
of the question in favor of the power of the town board to
enter into the contract.   The Appellate Division reversed on
this point, holding that the town board possessed no author-
ity to make the contract under well-established principles of
public policy which condemn such agreements as void.

We have this situation : The Greater New York charter
was passed in May, 1897, but did not go into full effect until
the first day of January, 1898.   Section 1611 of the charter
provides that for the purpose of determining the effect of the
act upon other acts and the effect of other acts upon it, the
charter should, except as in the section otherwise provided,
be deemed to have been enacted on the first day of Janu-
ary, 1898.   It is quite evident that the intention of this sec-
tion was to continue the legal powers of the various munici-
palities, that were ultimately to form a part of the city of
New York, unimpaired in their legitimate exercise during the
balance of the time they were to exist.

The contract in question is to be considered, in the first
place, in the light of section 587 of the Greater New York

charter, which provides, in brief, that the commissioner of public buildings, lighting and supplies in the greater city of New York shall let separate contracts for each of the boroughs in the manner therein specified in detail for lighting the streets, public buildings and parks; that the commissioner is to determine the number, kind and location of lights to be furnished under each of the contracts, and no contract was to be made for more than the term of one year.

When this section is considered in detail, it is evident that the legislature contemplated that on the first day of January, 1898, the entire system of lighting the greater city should be under the supervision and control of this single commissioner, particularly the new territory about to be annexed.

It is apparent upon the face of this proceeding that the town board of Jamaica determined as to the territory covered by that town to defeat the provisions of this section, and to inaugurate for a period of ten years such a system of lighting in that portion of the greater city as they saw fit, without consulting the authorities of the municipality that was about to spring into existence.

The officials concerned in making this contract were evidently aware of the provision of the Greater New York charter, and, in view of the facts conceded in this record, it is apparent that the contract was not made in good faith. There was no such emergency as warranted the town officers in regulating for ten years the lighting of territory that would become a part of the greater city of New York in fourteen days after they had signed the contract.

The motive actuating this proceeding is quite apparent.

It is not contended by the plaintiff, or the city of New York, that certain necessary contracts, made in good faith by these expiring municipalities, about to become a part of the present city of New York, ought not to be upheld.

Valid contracts that existed when the Greater New York charter was enacted in May, 1897, will not be affected by the consolidation, and those reasonable and proper contracts made thereafter, where it was not possible to limit their term to

the precise time the municipality was to exist, will, doubtless, be approved. ( *Wait* v. *Ray*, 67 N. Y. 36.)

We are of opinion that the contract before us was not entered into in good faith by the town of Jamaica, but was intended to embarrass and control the greater city of New York in lighting its streets in the territory covered by the town for ten years after its execution.

We also hold that, under the provisions of the Greater New York charter, the town of Jamaica had no power to enter into this contract.

We further decide that the legislative scheme, as contained in the Greater New York charter, discloses a public policy that was violated by the execution of this contract.

For all of these reasons the contract is void.

The learned counsel for the appellant insists that the answer of the city of New York avers causes of action for setting aside the contract not declared upon in the complaint, and that they are unauthorized and raise no issues.

The Appellate Division were of the opinion that it was unnecessary to determine whether the city of New York, coming in as a defendant in a taxpayer's action and asking affirmative relief, stands in the same position as the plaintiff himself, as they regarded the complaint broad enough to cover the grounds relied upon by the city, to wit, a want of power on the part of the town board to enter into a contract which could only become practically operative after the town of Jamaica had ceased to exist.

A complaint properly pleading the execution and delivery of the contract, which annexed a copy, and alleged that it was void under the Greater New York charter, would raise the points of good faith, power and public policy, as they are really questions of law growing out of the contract on its face and the charter.

The judgment absolute of the Appellate Division in favor of plaintiff was, therefore, proper within the strict rule that to justify an appellate court in rendering final judgment against the respondent upon the reversal of the judgment it is not

sufficient that it is improbable that the defeated party can succeed upon a new trial, but it must appear that he certainly cannot. (*New* v. *Village of New Rochelle,* 158 N. Y. 41, and cases cited.)

The judgment appealed from should be affirmed, with costs. All concur (PARKER, Ch. J., in result).

Judgment affirmed.