### SCHWAN v. CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department.   November 15, 1901.)

MUNICIPAL CORPORATIONS—STREET SPRINKLING CONTRACT—VALIDITY.
    A contract, made by a town about to be merged in the city of New York under the charter of Greater New York, for the sprinkling of streets, to be performed several months after the taking effect of such charter, is invalid.

Appeal from trial term, Queens county.

Action by John Schwan against the city of New York.   From a judgment in favor of defendant, plaintiff appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

John J. Lenehan, for appellant.
William J. Carr, for respondent.

GOODRICH, P. J.   The complaint alleged the following facts: On December 17, 1897, the village of Arverne by the Sea entered into a written contract with the plaintiff, whereby he agreed to sprinkle certain streets of the village from May 1 to October 31, 1898, and also to fill up all culverts with water from his sprinkling carts, in dry weather, once every three days; and the village agreed to pay therefor $1,000.   The plaintiff performed his work, but has not been paid therefor, and has duly presented his claim to the comptroller of the city, who has refused to adjust or pay the same. At the trial plaintiff's counsel in his opening made certain other allegations, but there was no application to amend the complaint, and the complaint was dismissed before any evidence was introduced. From the judgment entered thereon the plaintiff appeals.

The charter of Greater New York took effect January 1, 1898. The contract was for work to be performed four months thereafter. Such a contract clearly falls within the doctrine laid down in Hendrickson v. City of New York, 38 App. Div. 480, 56 N. Y. Supp. 580, affirmed in 160 N. Y. 144, 54 N. E. 680.

The judgment should be affirmed, with costs.   All concur.