JOHN SCHWAN, Appellant, *v.* THE CITY OF NEW YORK, Respondent.

NEW YORK (CITY OF) — CONTRACT MADE BY TRUSTEES OF VILLAGE MERGED IN CITY BY CHAPTER 378 OF LAWS OF 1897 — WHEN RECOVERY MAY BE HAD THEREUNDER AGAINST THE CITY. Where, upon the trial of an action brought against the city of New York upon a contract made in December, 1897, by the trustees of an incorporated village for sprinkling the streets thereof from May 1 to October 1, 1898 — which village, under the provisions of the Greater New York charter (L. 1897, ch. 378), had become merged with the city on the 1st day of January, 1898 — it appeared from the complaint and the opening of plaintiff's counsel, *first*, that, pursuant to the Greater New York charter, a budget had been prepared by the proper authorities of the village, which included the contract in question, and that taxes had been accordingly levied; and, *second*, that the contract had been fully performed, with defendant's knowledge, it is reversible error to dismiss the complaint upon the ground that the trustees of the village had no right to make the contract, the performance of which extended beyond their fixed terms of office. The plaintiff should have been allowed to try his case and to prove, if he could, that the contract sued upon had been, in good faith, made and included in the budget for the year 1898; that the taxes required under the budget had been levied for 1898, and that the work called for by the contract had been fully performed.

*Schwan* v. *City of New York,* 65 App. Div. 420, reversed.

(Argued December 8, 1902; decided December 16, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered November 26, 1901, affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John J. Lenehan* for appellant. The complaint states facts sufficient to constitute a cause of action. (*Clews* v. *Bank of N. Y.,* 105 N. Y. 398; *Ketchum* v. *Van Dusen,* 11 App. Div. 334; *Sanders* v. *Soutter,* 126 N. Y. 193; *Herbert* v. *Duryea,* 87 Hun, 288; *Kain* v. *Larkin,* 141 N. Y. 149;

*Kley* v. *Healey*, 127 N. Y. 555 ; *Wenk* v. *City of New York*, 171 N. Y. 607.) The contract was lawfully made under the authority and powers contained in section 10 of the charter of the city of New York. (L. 1897, ch. 378, § 10 ; *Palmer* v. *Vandenbergh*, 3 Wend. 193 ; *Matter of School Board*, 34 App. Div. 49 ; *People ex rel.* v. *York*, 33 App. Div. 573 ; *Mayor, etc.*, v. *Sands*, 105 N. Y. 218 ; *People ex rel.* v. *Chapin*, 105 N. Y. 316 ; *Matter of City of Buffalo*, 68 N. Y. 172 ; *M. Co.* v. *Kaldenberg*, 165 N. Y. 1 ; *People ex rel.* v. *Lacombe*, 99 N. Y. 49.) There is no general rule that public officers can make contracts to continue only during their terms. ( *Wait* v. *Ray*, 67 N. Y. 36 ; *Gillis* v. *Space*, 63 Barb. 179 ; *Palmer* v. *Vandenbergh*, 3 Wend. 193 ; *People* v. *Supervisors*, 32 N. Y. 473 ; *Williams* v. *Keech*, 4 Hill, 168 ; *Silver* v. *Cummings*, 7 Wend. 181 ; *Morrow* v. *Ostrander*, 13 Hun, 219 ; *Todd* v. *Birdsall*, 1 Cow. 260 ; *Bell* v. *City of New York*, 46 App. Div. 195 ; *Weston* v. *City of Syracuse*, 17 N. Y. 110 ; *Blood* v. *Electric Co.*, 68 N. H. 340.) The case of *Hendrickson* v. *City of New York* (160 N. Y. 144) was based on a different state of facts, expressly avoided the condemnation of contracts made in good faith, did not involve a consideration of section 10 of the charter or a contract for which funds had been provided. (*Stuber* v. *Coler*, 164 N. Y. 22 ; Abb. Tr. Ev. [2d ed.] 41 ; *Nelson* v. *Eaton*, 26 N. Y. 410 ; *Bennett* v. *Clough*, 1 Barn. & Ad. 461.) The court was bound to take judicial notice of the charter. (1 Kent's Comm. 460.) To permit the defendant to escape payment of the contract price would be inequitable and unjust. Having had the full benefit of the contract, the defendant is estopped from denying its validity. (*B. G. L. Co.* v. *Claffy*, 151 N. Y. 24 ; *P. J. W. Co.* v. *Village of Port Jervis*, 151 N. Y. 111 ; *Moss* v. *Cohen*, 158 N. Y. 249 ; *W. A. Co.* v. *Barlow*, 63 N. Y. 62 ; *Mayor* v. *Sonneborn*, 113 N. Y. 426 ; *Jourdan* v. *L. I. R. R. Co.*, 115 N. Y. 380 ; *Peck* v. *D. & W. Co.*, 57 Hun, 343 ; *Bissell* v. *M. S., etc., R. R. Co.*, 22 N. Y. 258 ; *Moore* v. *Mayor, etc.*, 73 N. Y. 238 ; *People ex rel.* v. *Havemeyer*, 4 T. & C. 365.)

*George L. Rives, Corporation Counsel (James McKeen* of counsel), for respondent.    There is no jurisdiction to entertain this appeal.    (Code Civ. Pro. § 191, subd. 2; *Boyd* v. *Gorman,* 157 N. Y. 365.)    The decision of the Appellate Division was rightly put upon the ground that the alleged contract falls clearly within the doctrine laid down in *Hendrickson* v. *City of New York* (38 App. Div. 480; 160 N. Y. 144). (*Waite* v. *Ray,* 67 N. Y. 36.)    The principle that a corporation like an individual is estopped from pleading *ultra vires* as a defense upon a contract where such defendant has accepted and retained the benefits of the contract, and that in such cases, even though the contract be technically invalid, there may be a recovery upon *quantum meruit,* do not extend to situations where the contract is one against public policy. (*McDonald* v. *Mayor, etc.,* 68 N. Y. 23; *B. G. L. Co.* v. *Claffy,* 151 N. Y. 24.)

Gray, J.    The complaint shows that the action was upon a contract, made with the village of Arverne-by-the-Sea, to recover the sum due thereunder for sprinkling the streets from May 1st to October 31st, 1898; that the village was a municipal corporation of the county of Queens, which became merged with the city of New York; that the plaintiff fully performed the work called for by the agreement and that payment therefor had been refused.    When the case came on for trial, the plaintiff's counsel repeated, in his opening, the facts of the complaint and he stated that the village was one of the municipalities consolidated with the city of New York by the provisions of " Greater New York Charter ; " that the board of trustees of the village had duly authorized the contract sued upon ; that they had ample funds at the time to meet the contract, which, upon the consolidation, were, with uncollected tax levies, transferred to the defendant; that, pursuant to section 10 of the Greater New York charter, the board of trustees, in 1897, prepared a budget for the year 1898, " which included the contract and levied taxes accordingly."    Upon this opening, the defendant moved for a dis-

missal of the complaint, upon the ground that the trustees had no right to make the contract, the performance of which extended beyond their fixed terms. This motion was granted and the plaintiff excepted. The judgment dismissing the complaint has been affirmed, upon the authority of *Hendrickson* v. *City of New York*, (160 N. Y. 144).

The charter of this defendant, of which courts must take judicial notice, as a public law, as by direction of section 1620, provided, in the tenth section, that the proper authorities of the various consolidated municipal corporations should prepare in the year 1897 a budget for the year 1898 and levy taxes accordingly, as though consolidation were not to be effected. The section further provided that the funds received by the chamberlain of the city of New York should be apportioned by the board of estimate and apportionment to the various city departments, "so that such funds shall be used as nearly as may be, for the object for which they were raised," etc. Under the dismissal of the complaint, upon the motion that was made before any evidence was introduced, all the material facts alleged in the complaint, and stated for proof in counsel's opening, must be deemed to have been admitted. Therefore, two material facts must be true, viz. : *First*, that, pursuant to the Greater New York charter, a budget had been prepared by the proper authorities of the village, which included the contract in question, and that taxes had been accordingly levied, and, *second*, that the contract had been fully performed, with defendant's knowledge. The case is, thus, differentiated from that of *Hendrickson*, (*supra*), where the action of the Jamaica town board was held, upon the evidence, not to have been taken in good faith, in making a street lighting contract, to be performed in ten years, upon the eve of the termination of its official existence. Furthermore, the provisions of section 10 of the charter were not brought in question. If what the board of trustees had done was in good faith and within the provisions of the Greater New York charter, no reason is apparent why plaintiff should not be entitled to be paid for his work; especially if the

moneys had been appropriated and received by defendant for the purpose.

I think, therefore, that the plaintiff should have been allowed to try his case and to prove, if he could, that the contract sued upon had been, in good faith, made and included in the budget for the year 1898 ; that the taxes, required under the budget, had been levied for 1898 and that the work called for by the contract had been fully performed.

Upon these grounds I advise a reversal of the judgment and the ordering of a new trial, with costs to abide the event.

Cullen, J. (dissenting). I dissent. By section 10 of the Greater New York charter of 1897, the various municipalities which were by that act to be consolidated with the city of New York on the 1st day of January, 1898, were directed to prepare a budget and levy taxes for that year and to turn over the proceeds of the taxes to the consolidated city. These funds were to be used "for the expenses of the city of New York as constituted by this act," and it was the duty of the board of estimate to apportion the funds to the various city departments created by the act, so that the funds might be used as nearly as possible for the purposes for which they had been raised. The conduct of the affairs of the consolidated city from and after the consolidation was vested in the officers and departments of the city. No power was given to the municipalities whose existence was to cease on the consolidation to regulate the conduct of the municipal affairs of the consolidated city during the year 1898, any more than during any subsequent year. Up to the time of consolidation the municipalities possessed their full chartered rights to manage their own affairs, and so far as the ordinary conduct of business required contracts which would naturally extend beyond the time fixed for the consolidation, those contracts would be binding on the consolidated city. But the contract on which this action is brought is not of that character. It is for an ordinary detail of the current management and maintenance of a city street and was not to commence until four months after the consolidation took effect. It seems

to me to fall exactly within our decision in the case of *Hendrickson* v. *City of New York* (160 N. Y. 144), where a contract for lighting the streets of Jamaica was held void as intended to embarass the Greater City in the lighting of its streets. It is said, however, that the case presented a question of fact, that of good faith, and that if the village trustees made the contract in good faith it was binding on the city. "Error lurks in generalities." What is the meaning of good faith as used in this contention? No one attributes to the trustees an intention to defraud the new city, but their purpose is perfectly plain and admitted on the argument by the learned counsel for the appellant. He says that the trustees thought that the street was of such a character that it should be sprinkled during the next summer, and that they determined to make sure it would be so watered by executing before the consolidation a contract for the work. Now, whether the street should be watered after the territory became part of the Greater City of New York was a question to be determined by the officers of the new city, not by the trustees of the defunct village. Such officers might think it unwise to sprinkle the street, because they might determine to repave it or they might determine that the work could be done at less expense by making it part of a contract covering the territory of the whole borough, or by city employees, and not by contract. It is difficult to imagine a case where the intent of the officials of the village to control the subsequent conduct by the consolidated city of its own affairs could be plainer or more openly avowed.

The judgment appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT and VANN, JJ., concur with GRAY, J.; HAIGHT, J., concurs with CULLEN, J.

Judgment reversed, etc.