John J. Montgomery, Daniel Leavens and Amasa Woodward, Plaintiffs, *v.* Jay H. Smead, William George, John J. Breen, James D. Mulrenan, Monroe L. Kathan and Edward Smyth, Defendants. (Action No. 1, District No. 1.)

John J. Montgomery, Charles H. Madison, Fred Vetter and William Rollman, Plaintiffs, *v.* Jay H. Smead, as Supervisor of the Town of Hadley, N. Y., William George, John J. Breen, James D. Mulrenan, Monroe L. Kathan, as Justices of the Peace of the Town of Hadley, N. Y., Edward Smyth, as Town Clerk of the Town of Hadley, N. Y., Constituting the Town Board of the Town of Hadley, N. Y., and John Knox, Defendants. (Action No. 2, District No. 3.)

(Supreme Court, Saratoga Trial Term, October, 1916.)

Actions — taxpayers — for restoration of moneys expended by town — contracts — Code Civ. Pro. § 1969.

By virtue of sections 260–263 of the Town Law any town board upon petition of a majority of the taxpayers of any proposed lighting district, and after notice as prescribed by

statute, is authorized to contract for the lighting of streets, avenues, highways, public places and public buildings therein outside of the corporate limits of any incorporated village therein, and to establish lighting districts therein and to assess, levy and collect from the taxable property therein the amount of any such contract. Held, that where upon a petition not signed by a majority of the taxpayers a town board established and operated an electric light plant, issued the notes of the town therefor and also constructed a lighting system in another district and, except as to the outstanding notes of the town, repaid it by taxing property in the districts, such action of the town board was illegal, and a taxpayer's action is maintainable under section 51 of the General Municipal Law to restrain the further operation of the lighting plant.

That in such an action restoration of moneys expended by the town, except for bridge light, for which there was no authority, could not be compelled on the theory that said moneys became town moneys so soon as they came into the hands of the supervisors.

That the moneys so illegally raised and expended for lighting districts could not become town moneys and that if restoration thereof was sought for the lighting districts it must be by an action under section 1969 of the Code of Civil Procedure.

Actions by certain taxpayers of the town of Hadley, Saratoga county, N. Y., under section 51 of the General Municipal Law.

Leroy M. Pulver and Beecher S. Clother, for plaintiffs.

Salisbury & Rowe, for defendants.

Whitmyer, J. The above entitled actions have been brought by certain taxpayers of the town of Hadley, Saratoga county, N. Y., under section 51 of the General Municipal Law, the former to restrain the further operation by the defendants therein of an electric light plant, alleged to have been illegally established by them, as members of the town board of said town, in a certain lighting district therein, and to require

them to restore to the town the sum of $7,585.24, alleged to have been wasted and illegally expended in the equipment and operation of said plant, and the latter to restrain the defendants therein, who constitute the town board of said town, and the defendant Knox, as general superintendent of lighting, from establishing and operating an electric light plant in another district therein. The defendants claim that the acts in question relate to lighting districts, less in extent than the town, and to lighting district moneys only and that the actions cannot be maintained. The authority for establishing lighting districts in towns is contained in the Town Law, sections 260 to 263, both inclusive. Those sections authorize the town board of any town, upon the filing of a petition signed by a majority of the taxpayers of any proposed lighting district and after notice, as therein prescribed, of the time and place when the same will be acted upon, to contract for the lighting of the streets, avenues, highways, public places and public buildings therein, outside of the corporate limits of any incorporated village therein, upon such terms and for such time or period, not exceeding ten years, as the board may deem proper and expedient, and for the payment of the expenses thereof, and to establish one or more lamp or lighting districts therein, and to assess, levy and collect the amount of any such contract upon the taxable property in said town or district in the same manner, at the same time, and by the same officers, as the town taxes, charges or expenses of the town are assessed, levied or collected, the same to be paid by the supervisor, when received, to the corporation, company, person or persons furnishing or supplying said light. Action No. 1 relates to district No. 1 and the plaintiffs therein are taxpayers of the district. Action No. 2 relates to district No. 3 and the plaintiffs therein are

taxpayers of that district. Each district comprises only a small part of the town and both districts are outside of the corporate limits of any incorporated village of the town. The petition in the first was filed July 18, 1912. The tax-roll for 1911 shows forty-three names, that for 1912 shows forty-six, and the petition shows nineteen names for the district. The petition in the third was filed October 16, 1914. The tax-roll for 1914 shows fourteen or fifteen names and the petition shows six names for the district. The first petition provided for thirty lights, at a cost not exceeding $15 per year, and the second for twenty lights, at a cost not exceeding $15 per year. In the first district, instead of making a contract for lighting, the town board leased a building and water power, installed machinery, purchased poles, wires and lamps, and established and operated a plant. The cost, according to the lighting superintendent, amounted to $6,600.02. The notes of the town were issued, by authority of the town board, from time to time, to cover such cost and these have been paid by the checks of the supervisor, which have been given by him pursuant to the order of the board, excepting two which are still outstanding and amount to the sum of $2,450. The company, which furnished the power, rendered monthly bills to the town. Between 1913 and 1914 these amounted to the sum of $576.14, and all were paid by the checks of the supervisor. The lighting superintendent purchased a generator and other equipment and materials at a total cost of $2,149.74. The bills for these items were rendered to the town and were paid by the checks of the supervisor and are included in the cost. And the sum of $53.75 was paid out of the general town fund for current for two lights, which were installed by resolution of the board, one on the Hudson River bridge, and the other about twenty-

five feet from the end of the Sacandaga River bridge, and both within the lighting district. In the third district, the supervisor was authorized by resolution of the board, on December 28, 1914, to raise $1,000 by note to defray cost of construction. Poles were purchased and drawn along the line. On March 29, 1915, the supervisor gave his check, as supervisor, for $102 for the poles. He also paid several small items, amounting to about $19. No money was raised until July 13, 1915. At that time, he raised $150 on a note, which on its face purported to be the promise of the " Municipal Lighting District," but was signed by him as supervisor. Nothing else has been done in that district. But the amounts paid out in each district, excepting those paid out for the two bridge lights and excepting the outstanding town notes, have been repaid to the town out of moneys raised by tax upon the property in the district in which they were used. The section of the law under which the actions have been brought expressly authorizes a taxpayer to maintain an action for the prevention and restraint of " any illegal official act " on the part of the officers of a town. It assumes that such an act is or may be injurious to the town and provides that the officers committing it be restrained, simply because of the illegality. *Warrin* v. *Baldwin,* 105 N. Y. 534, 537; *Ayers* v. *Lawrence,* 59 id. 192; *Squires* v. *Preston,* 82 Hun, 88. Under the lighting district sections of the Town Law, the town board of a town is the agency for the establishment of lighting districts therein and for the contracting of light therefor. In these cases, the town board assumed to establish districts upon insufficient petitions and, instead of contracting for light, established and operated a plant in the one district and started to do so in the other. And it pledged the faith and credit of the town and used

town moneys in both districts, which moneys, however, have been repaid, excepting those expended for the bridge lights. Moreover, two town notes, amounting to $2,450, remain unpaid and town moneys may be used to pay them. Illegal official acts have been committed and are threatened. So that the actions may be maintained. The authorities so hold. *Hendrickson* v. *City of New York,* 24 Misc. Rep. 231; revd., 38 App. Div. 480; affd. 160 N. Y. 144; *Lawrence* v. *Smith,* 24 Misc. Rep. 233; affd., 39 App. Div. 639; 165 N. Y. 635; *Talcott* v. *City of Buffalo,* 125 id. 280. The *Hendrickson* case was an action by a taxpayer to annul an illegal contract made by the town board of the town of Jamaica, Queens county, for the lighting of a district in said town. And the *Smith* case was similar. *Holroyd* v. *Town of Indian Lake,* 180 N. Y. 318, cited by defendants, is not in point. That was an action at law against a town on a contract, which had been made by the board of water commissioners of the town. However, except so far as relates to the moneys expended for the bridge lights, for which there was no authority, restoration cannot be compelled in these actions on the theory that the moneys expended became town moneys as soon as they came into the hands of the supervisor. This is so because those moneys were illegally raised and expended, so that they could not become town moneys. *Dunn* v. *Town of Whitestown,* 185 Fed. Rep. 585, cited by plaintiffs, is distinguishable. There the moneys reached the supervisor's hands properly. Moreover, except as above, there is nothing to restore to the town, since the town has been repaid, and if restoration is sought for the lighting districts, that must be accomplished by an action under section 1969 of the Code of Civil Procedure.

Judgment accordingly.